ORIGINAL

FILED

2009 NOV -4 PM 3: 21

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1  SEYFARTH SHAW LLP
   Kenwood C. Youmans (SBN 68258)
2  David D. Kadue (SBN 113578)
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219
   kyoumans@seyfarth.com
5  dkadue@seyfarth.com

6  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

7

8

9           UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11 MARY PYTELEWSKI,                    ) Case No. 09 CV 2473
   on behalf of herself individually and all )
12 others similarly situated,            ) NOTICE OF REMOVAL BY
                                        ) COSTCO WHOLESALE
13             Plaintiff                ) CORPORATION
                                        )
14      v.                              ) [CLASS ACTION FAIRNESS
                                        )  ACT OF 2005]
15 COSTCO d/b/a COSTCO                  )
   WHOLESALE CORPORATION; and          )
16 DOES 1 through 25, inclusive,        )
                                        )
17             Defendants.              )
                                        )
18 ─────────────────────────────────────

19      TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

20 DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL

21 OF RECORD:

22      PLEASE TAKE NOTICE that Defendant Costco Wholesale Corporation

23 files this notice of removal pursuant to 28 U.S.C. Sections 1441 and 1446,

24 asserting original federal jurisdiction under 28 U.S.C. Section 1332(d)(2), to effect

25 the removal of the above-captioned action, which was commenced in the Superior

26 Court of the State of California in and for the County of San Diego, and states that

27 the removal is proper for the following reasons.

28

                              -1-
                                        NOTICE OF REMOVAL

LA1 6907037.3

# BACKGROUND

1.    On or about October 2, 2009, Plaintiffs Mary Pytelewski, Denise Krivitsky, Eric Stiller, Sam Carroll, Steve Vrismo, Jeremy Moncauskas, Albert Cooper, Joseph Moro, Clarice Pytelewski, and Morgan Daniels filed an Amended Complaint against Defendant in the Superior Court of the State of California, County of San Diego, Case No. 37-2009-00089654-CU-OE-CTL.

2.    The Complaint purports to assert three claims for relief arising out of actions by the Defendant and Defendant's alleged failure to observe, as to Plaintiffs and a purported class of similarly situated individuals, requirements set forth in California Labor Code Sections 510 (paying premium wages for overtime) and 226 (itemizing wages), and in Business & Professions Code Section 17200, *et seq.* (avoiding unfair competition).

# TIMELINESS OF REMOVAL

3.    Defendant was served with a copy of the Summons and Amended Complaint no earlier than October 6, 2009.  The Summons and Amended Complaint are copied as Exhibit A.  No other Defendant was served earlier than that time.

4.    On or about October 6, 2009, Defendant received, through its agent for service of process, a notice of hearing in the state court.  This notice is copied as Exhibit B.

5.    On or about November 3, 2009, Defendant filed its answer in state court.  The answer is copied as Exhibit C.

6.    This notice of removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of the summons and complaint in this matter.  28 U.S.C. § 1446(b).

NOTICE OF REMOVAL

LA1 6907037.3

## DIVERSITY JURISDICTION – CLASS ACTION FAIRNESS ACT

7.    The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. Section 1332(d)(2).  As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. Section 1441(a), as it is a purported class action on behalf of over 100 individuals and the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one class member is a citizen of a State different from that of the Defendant.

### Diverse Citizenship of the Parties

8.    **Plaintiffs' Citizenship.**  Plaintiffs are now, and ever since this action commenced have been, residents and citizens of the State of California, San Diego County (see Complaint ¶¶ 1, 10).  For diversity purposes, a person is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).  Plaintiffs are citizens of California.

9.    **Defendant's Citizenship.**  Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Washington, with its principal place of business in the State of Washington.

10.    Costco conducts business in forty-one states and Puerto Rico.  When Costco's presence in each state is measured and compared on a *per capita* basis, its business operations clearly predominate in Washington.  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1030 (9th Cir. 2009)(endorsing use of a *per capita* approach and holding that Best Buy, a nationwide retailer like Costco, "will not be a citizen of California merely because its operations in California cater to

-3-

NOTICE OF REMOVAL

LA1 6907037.3

1  California's larger population"). For example, approximately 10.9% of Costco's

2  employees are in the State of Washington as compared to only approximately 5.3%

3  in the State of California on a per capita basis, and Costco has one warehouse for

4  every 231,015 Washington residents as compared to one warehouse for every

5  326,368 Californians. Moreover, Costco's sales in California are only

6  approximately 70% of the sales generated in Washington on a per capita basis. As

7  a result, Costco's "principal place of business" is Washington under the "place of

8  operations" test applied in the Ninth Circuit. *Tosco Corp. v. Communities for a*

9  *Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001).

10     11.   **Co-Defendant Wireless Advocates, LLC.** Costco believes that its

11  co-defendant, Wireless Advocates, LLC, is a citizen of Washington, being a

12  Washington corporation with a principal place of business in Washington (see

13  Complaint ¶ 17). In any event, under CAFA, diversity of citizenship may be

14  minimal. 28 U.S.C. § 1332(d)(2)(A). Under CAFA, not all defendants need join

15  the removal of the action. 28 U.S.C. § 1453(a) ("class action may be removed to a

16  district court of the United States in accordance with section 1446 (except that the

17  1-year limitation under section 1446(b) shall not apply), without regard to whether

18  any defendant is a citizen of the State in which the action is brought, except that

19  such action may be removed by any defendant without the consent of all

20  defendants"). *See also United Steel v. Shell Oil Co.*, 549 F.3d. 1204 (9th Cir.

21  2008) (under plain language of CAFA statute, one defendant cannot prevent or

22  defeat removal of the entire action).

23     12.   **Doe Defendants.** Pursuant to 28 U.S.C. Section 1441(a), the

24  residence of fictitious and unknown defendants should be disregarded for purposes

25  of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v.*

26  *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants

27  are not required to join in a removal petition). Thus, the existence of Doe

28  defendants in this case does not deprive this Court of jurisdiction.

-4-

LA1 6907037.3

**Amount in Controversy**

13.     The alleged amount in controversy in this class action exceeds, in the aggregate, Five-Million Dollars ($5,000,000).  The Complaint alleges that the plaintiff class consists of hourly non exempt employees in Costco warehouses throughout California since May 2005 (Complaint ¶ 31).  The class as so defined would exceed 10,000 employees.  The Complaint seeks payment of wages, penalties, statutory damages, and attorney's fees, with damages not less than $50,000,000 (Complaint ¶ 70 at 16:22-23).  The amount in controversy implicated by the class-wide allegations exceeds Five Million Dollars ($5,000,000).

**(A) California Labor Code § 510.**  The Complaint alleges that Defendant denied class members compensation owed to them for being required to remain at work off the clock (Complaint ¶ 48).  Defendant avers that each class member, as an hourly employee of Defendant, earned on average over $13 per hour and $19.50 per overtime hour, and worked, on average, over 200 days per year.  Plaintiffs seek recovery for a period extending four years before the filing of the Complaint (over 180 work weeks).  If 10,000 employees, earning an average of $13.00 an hour, worked just one uncompensated overtime hour per month over four years, the unpaid overtime owed on the overtime claim would exceed $9,360,000 (10,000 x $19.50/hour x 1 hour/month x 48 months).

**(B) California Labor Code § 226(e).**  The Complaint alleges that Defendant failed to provide class members with proper itemized wage statements with respect to statements of hourly rates, in violation of California Labor Code Section 226 (Complaint ¶¶ 50-53).  By Plaintiffs' calculation, the penalty under Labor Code Section 226(e) would be $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  Because purported class members were paid biweekly, during the one-year limitations period applicable to a Section 226 claim (assuming only one wage-statement inaccuracy per month), the

-5-

LA1 6907037.3

1 | aggregate amount in controversy on the Section 226(e) claim would exceed an
2 | additional $6,000,000 (10,000 employees x 12 months x $50).

3 |     14.    **Attorney's fees.** The Complaint alleges that class members are
4 | entitled to recover attorney's fees (Complaint ¶ 70). Requests for attorney's fees
5 | must be taken into account in ascertaining the amount in controversy. *See Galt*
6 | *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory
7 | attorney's fees to be included in amount in controversy, regardless of whether
8 | award is discretionary or mandatory).

9 |     15.    **Punitive damages.** Plaintiffs seek punitive damages (Complaint,
10 | Relief Sought, ¶ 70(H)). A request for punitive damages must be considered in
11 | ascertaining the amount in controversy. *Davenport v. Mutual Benefit Health &*
12 | *Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

13 |     16.    Because diversity of citizenship exists, the Plaintiffs being citizens of
14 | the State of California and the Defendants being citizens of the State of
15 | Washington, and because this is a purported class action with over 100 class
16 | members and the amount in controversy exceeds Five Million Dollars
17 | ($5,000,000), this Court has original jurisdiction of the action pursuant to 28
18 | U.S.C. § 1332(d)(2). This action is therefore a proper one for removal to this
19 | Court.

20 | **VENUE**

21 |     17.    Venue lies in this Court pursuant to 28 U.S.C. Section 1391. This
22 | action originally was brought in the Superior Court of the State of California,
23 | County of San Diego, and Plaintiffs reside in the County of San Diego.

24 | **NOTICE OF NOTICE OF REMOVAL**

25 |     18.    Notice of this notice of removal will promptly be served on Plaintiffs
26 | and the Clerk of the Superior Court of the State of California in and for the County
27 | of San Diego.

28 |     19.    In compliance with 28 U.S.C. Section 1446(a), we have attached a

-6-

LA1 6907037.3

1   copy of the state-court papers served herein—the Summons and Amended

2   Complaint (Exhibit A), the notice of hearing (Exhibit B), and the Answer (Exhibit

3   C).

4          WHEREFORE, Defendant prays that this civil action be removed from the

5   Superior Court of the State of California, County of San Diego to the United States

6   District Court for the Southern District of California.

7

8   DATED:  November 4, 2009                    SEYFARTH SHAW LLP

9

10                                        By  *David D. Kadue* R.P.

11                                            David D. Kadue
                                             Attorneys for Defendant
12                                           COSTCO WHOLESALE
                                             CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

NOTICE OF REMOVAL

LA1 6907037.3

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA        )
                           )  ss
COUNTY OF LOS ANGELES      )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On the date set forth below, I served the within documents:

**NOTICE OF REMOVAL BY COSTCO WHOLESALE CORPORATION**

☐ I sent such document from facsimile machine (310) 201-5219. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

| | |
|---|---|
| David W. Sanford<br>Sanford, Wittels & Heisler, LLP<br>1666 Connecticut Avenue<br>NW, Suite 310<br>Washington, D.C. 20009 | Steven L. Wittels<br>Sanford, Wittels & Heisler, LLP<br>950 Third Avenue, 10th Floor<br>New York, New York 10022 |
| Edward D. Chapin<br>Sanford, Wittels & Heisler, LLP<br>550 West "C" Street, Suite 2000<br>San Diego, CA 92101 | Michael Ram<br>Sanford, Wittels & Heisler, LLP<br>639 Front Street, Fourth Floor<br>San Francisco, CA 94111 |
| Marc Litton<br>Sanford, Wittels & Heisler, LLP<br>100 Montgomery Street, Suite 1600<br>San Francisco, CA 94104 | Marie d. DiSante<br>Carlton DiSante & Freudenberger LLP<br>2600 Michelson Drive<br>Suite 800<br>Irvine, California 92612 |

-8-

PROOF OF SERVICE – NOTICE OF REMOVAL

LA1 6907037.3

1        I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the
2    U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service
3    is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

4        I declare that I am employed in the office of a member of the bar of this
5    court whose direction the service was made.

6        Executed on November 4, 2009, at Los Angeles, California.

7

8                      Fern Jenkins

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE – NOTICE OF REMOVAL

LA1 6907037.3

**EXHIBIT A**

# Exhibit "A"

AMENDED **SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** COSTCO WHOLESALE CORPORATION;
*(AVISO AL DEMANDADO):* WIRELESS ADVOCATES, LLC; and DOES 1 through
25, inclusive

FOR COURT USE ONLY
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

2009 OCT -5 PM 1: 15

CLERK-SUPERIOR
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:** MARY PYTELEWSKI, DENISE KRIVITSKY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ERIC STILLER, SAM CARROLL,
STEVE VRISMO, JEREMY MORCALSEAS, ALBERT COOPER, JOSEPH MORO, CLARICE
PYTELEWSKI, MORGAN DANIELS, on behalf of themselves individually and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>330 W. BROADWAY<br>330 W. BROADWAY<br>SAN DIEGO, CA. 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2009-00089654-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward D. Chapin, Esq. (State Bar No. 055287)        (619) 241-4810        Fax: (619) 955-5318
Jill M. Sullivan, Esq.
CHAPIN WHEELER, LLP
San Diego, CA 92101

DATE:        OCT 0 5 2009        Clerk, by   **T. HART**   , Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Costco Wholesale Corporation
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

FILED ·
CIVIL BUSINESS OFFICE 1
CENTRAL DIVISION

2009 OCT -2  PM 4: 02

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   David W. Sanford, DC Bar No. 457933 (*Pro Hac Vice*)
Felicia Medina, CA Bar No. 255804
2   Deborah Marcuse, CT Bar No. 429294
Janette Wipper, DC Bar No. 467313
3   **SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Ave., NW, Suite 310
4   Washington, D.C. 20009
5   Telephone: (202) 742-7777
Facsimile: (202) 742-7776
6

7   Steven L. Wittels, NY Bar No. 2004635 (*Pro Hac Vice*)
Jeremy Heisler, NY Bar No. 1653484 (*Pro Hac Vice*)
8   **SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
9   New York, New York 10022
Telephone: (646) 723-2947
10   Facsimile: (646) 723-2948

11   Edward D. Chapin, CA Bar No. 053287
Jill M. Sullivan, CA Bar No. 185757
12   OF COUNSEL
**SANFORD, WITTELS & HEISLER, LLP**
13   550 West "C" Street, Suite 2000
14   San Diego, CA 92101
Tel:  (619) 241-4810
15   Fax:  (619) 955-5318

16   Michael Ram, CA Bar No. 104805
Karl Olson, CA Bar No. 104760
17   OF COUNSEL
**SANFORD, WITTELS & HEISLER, LLP**
18   639 Front Street, Fourth Floor
19   San Francisco, CA 94111

20   Marc Litton, CA Bar No. 119985
OF COUNSEL
21   **SANFORD, WITTELS & HEISLER, LLP**
100 Montgomery Street, Suite 1600
22   San Francisco, CA 94104
Telephone: (415) 391-6900
23   Facsimile: (415) 391-6901

24

25   Attorneys for the Plaintiff and the Plaintiff Class

26

27

28

-1-

1                **SUPERIOR COURT OF CALIFORNIA**

2                    **COUNTY OF SAN DIEGO**

3

4 MARY PYTELEWSKI,          )  Case No.: 37-2009-00089654-CU-OE-CTL

   on behalf of herself individually and all   )

5 others similarly situated,        )  Assigned to:  Hon. David B. Oberholtzer

                             )  Department:   C-67

6                      Plaintiff,  )

7         vs.                    )  **AMENDED CLASS ACTION**

                             )  **COMPLAINT AND DEMAND**

8 COSTCO d/b/a COSTCO WHOLESALE   )  **FOR JURY TRIAL**

   CORPORATION; and DOES 1 through 25,  )

9 inclusive,                     )

                             )

10                    Defendants.  )

11                            )

12                         I.

13

     **OVERVIEW OF DEFENDANTS' VIOLATIONS OF CALIFORNIA'S LABOR**

14    **LAWS, AND FALSE IMPRISONMENT OF PLAINTIFFS AND THE CLASS**

15       1.      This class action lawsuit seeks to redress an ongoing wrongful scheme by

16 Defendants Costco Wholesale Corporation, Wireless Advocates, LLC, and Does 1-25

17 (hereinafter "Defendants" collectively and "Defendant Costco" and "Defendant Wireless

18 Advocates" individually), to deny their hourly warehouse employees earned wages for all hours

19 worked "off-the-clock" in violation of California's wage and hour laws.  This lawsuit also

20 seeks to end Defendants' unlawful practice of forcing their hourly employees in all Costco

21 warehouses in California to remain locked inside the warehouses without pay after the end of

22 their daily shifts.

23       2.      Plaintiffs Mary Pytelewski, Denise Krivitsky, Eric Stiller, Sam Carroll, Steve

24 Vrismo, Jeremy Moncauskas, Albert Cooper, Joseph Moro, Clarice Pytelewski, and Morgan

25 Daniels ("Plaintiffs" or "Named Plaintiffs"), bring this action on behalf of themselves

26 individually and on behalf of similarly situated hourly, non-exempt employees ("the Class"),

27 employed in Costco warehouses in California to seek redress for unpaid minimum wages,

28 unpaid straight-time wages, and unpaid overtime wages earned "off-the-clock" under

California's wage and hour laws.  This action also seeks relief on behalf of the Class for false imprisonment by Defendants and retaliatory actions taken by Defendant Costco against Plaintiff Mary Pytelewski individually for her complaints regarding Costco's violations of California's wage and hour laws.

3.      Defendants' wrongful acts against its Plaintiff-employees and the Class arise from Defendants' failure to pay hourly employees all wages earned and due for all hours worked "off-the-clock," including their failure to pay minimum wages, straight-time wages, and overtime wages, and their false imprisonment of these employees.  Defendants accomplish their wage and hour and tortious violations through systematic policies and/or practices which include requiring hourly, non-exempt employees to remain locked inside Costco warehouses without pay or the freedom to leave the premises after their shifts end every workday.

4.      For at least seven years prior to the filing of this Complaint, Defendants have willfully committed widespread violations of California wage and hour laws and tort law.  Plaintiffs and the Class have suffered common financial harm as their employers Costco and Wireless Advocates have violated and continue to violate: (1) California Labor Code §§204, 510, 1194; (2) the Unfair Competition Law ("UCL") codified in California Business and Professions Code §§ 17200 et seq.; (3) Industrial Welfare Commission Order 7-2001, incorporated into the California Code of Regulations; and (4) California common law prohibiting false imprisonment.  Defendant Costco has also retaliated against Plaintiff Mary Pytelewski because she complained about Defendants' violations of California's wage and hour laws.

## II.

## JURISDICTION

5.      This Court has jurisdiction over Plaintiffs' claims under the California Labor Code, the UCL, and common law.  This action is properly filed in the County of San Diego and in this judicial district because Defendants' obligations and liability arise therein, Defendants maintain offices and do business within the County of San Diego, and Plaintiffs worked in the County of San Diego.

-3-

## III.

## THE PARTIES

6.    **Plaintiff Mary Pytelewski** is currently employed as a Front-End Assistant in Costco's Warehouse Number 416, 725 Center Drive, San Marcos, California ("San Marcos Costco"), where her duties include assisting at the cash register. Plaintiff Mary Pytelewski was initially hired as a part-time Seasonal Assistant in October of 2001. Beginning in January of 2002, she held the hourly, non-exempt position of Front-End Assistant before being promoted to Clerk. In August of 2006, Plaintiff Mary Pytelewski was placed on full-time status. Then, in May of 2009, Plaintiff Mary Pytelewski was forced to accept a demotion back to Front-End Assistant after Costco retaliated against her for the filing of this lawsuit.

7.    **Plaintiff Denise Krivitsky** ("Plaintiff Krivitsky") was employed from November of 1991 to May of 2008 as a full-time Pharmacy Technician and Pharmacy Supervisor in Costco's Warehouse Number 44, 2130 Roscoe Boulevard. Canoga Park, California.

8.    **Plaintiff Eric Stiller** ("Plaintiff Stiller") was employed from 2000 to November of 2006 as a full-time Merchandiser and from November of 2006 to November of 2008 as a full-time Closing Cashier in Costco's Warehouse Number 124, 1755 Hacienda Drive, Vista, California ("Vista Costco").

9.    **Plaintiff Sam Carroll** ("Plaintiff Carroll") was employed from June of 2007 to January of 2008 as a part-time Front-End Assistant in the San Marcos Costco.

10.    **Plaintiff Steve Vrismo** ("Plaintiff Vrismo") is currently employed part-time in Member Services in Costco's Warehouse Number 694, 1051 Hume Way, Vacaville, California, where his duties include checking customer's receipts at the front door of the warehouse and monitoring warehouse security in the parking lot following closing. Plaintiff Vrismo was initially hired part-time as part of the Merchandising Crew in November of 2006. In April of 2009, Plaintiff Vrismo was transferred to Member Services after suffering a worker's compensation injury.

/////

-4-

11.     **Plaintiff Jeremy Moncauskas** ("Plaintiff Moncauskas") was employed part-time from 2004 to January of 2009 in the deli of Costco's Warehouse Number 462, 951 Palomar Airport Road, Carlsbad, California ("Carlsbad Costco").

12.     **Plaintiff Albert Cooper** ("Plaintiff Cooper") was employed part-time from March of 2005 to October of 2006 in the deli of the Carlsbad Costco.

13.     **Plaintiff Joseph Moro** ("Plaintiff Moro") is currently employed as a Front-End Assistant in Costco's Warehouse Number 690, 27220 Heather Ridge Road, Laguna Niguel, California. Plaintiff Moro was initially hired part-time in July of 2005 and worked in the cart area and in maintenance before becoming a Front-End Assistant.

14.     **Plaintiff Clarice Pytelewski** was employed by Costco and Wireless Advocates as a part-time Wireless Sales Expert in the Wireless Advocates kiosk of the San Marcos Costco from June of 2007 to December of 2007, where her duties included approaching Costco customers to convince them to buy new cell phones or upgrade their existing cell phones.

15.     **Plaintiff Morgan Daniels** ("Plaintiff Daniels") was employed by Costco and Wireless Advocates as a part-time Wireless Sales Expert in the Wireless Advocates kiosks of Costco's Warehouse Number 452 at 12350 Carmel Mountain Road, San Diego, California; Costco's Warehouse Number 775 at 12155 Tech Center Drive, Poway, California; the San Marcos Costco; the Carlsbad Costco; and the Vista Costco from June of 2007 to February of 2008.

16.     **Defendant Costco Wholesale Corporation** is a corporation formed under the laws of the State of Delaware with its principal offices in Issaquah, Washington. Costco is registered to do business in the State of California and does business in San Diego County and throughout California. Costco has approximately 100 stores located in the State of California.

/////
/////
/////
/////
/////

-5-

17.     Defendant Wireless Advocates, LLC is a limited liability company formed under the laws of the State of Washington with its principal offices in Seattle, Washington. Wireless Advocates, LLC is registered to do business in the State of California and does business in San Diego County and throughout California. Wireless Advocates is the exclusive third-party provider of wireless and related products and services in Costco warehouses nationwide.

18.     At all relevant times, Defendants Costco and Wireless Advocates are and were employers under applicable the California Labor Code and Industrial Welfare Commission Orders.

19.     At all relevant times, Defendants are and were legally responsible for all of the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the paragraphs of this Complaint as the employers of Plaintiffs and the Class members. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of *respondeat superior*. The conduct of Costco and Wireless Advocates managers and supervisors was at all relevant times undertaken as employees of Costco and Wireless Advocates, acting within the scope of their employment or authority in all of the unlawful activities described in each and all of the paragraphs of this Complaint.

20.     Plaintiffs allege on information and belief that at all relevant times **Defendants Does 1 through 25**, inclusive, were the agents, employees, representatives, partners, control persons, and related or affiliated entities of Defendant Costco, whose acts or practices caused or assisted in the wrongdoing and damages alleged herein.

21.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as **Defendants Does 1 through 25**, inclusive, is in some manner responsible for the events and happenings herein referred to, and caused or contributed to the damages to Plaintiffs and the Class members as herein alleged.  Plaintiffs will amend this Complaint to allege such true names and capacities when the same are ascertained.

/////

/////

-6-

# IV.

## FACTUAL ALLEGATIONS

22.     During their employment with Defendants, Plaintiffs and other hourly, non-exempt employees were and continue to be regularly forced, against their will, to remain locked inside of Warehouse Numbers 44, 124, 416, 452, 462, 690, 694, 775 and other warehouses throughout California, after clocking out at the end of each shift.  During this unpaid lock-in time, Plaintiffs' supervisors – Defendant Costco's Supervisors and Managers – perform closing activities, such as removing jewelry from cases and emptying cash registers.  Upon information and belief, Defendant Costco's Managers and Supervisors falsely claim that locking the employees inside the warehouses until the time the Managers complete the closing tasks and leave the building is necessary for security and theft prevention.  However, Defendants refuse to pay Plaintiffs and other hourly, non-exempt employees for this time.

A.     **Costco's Role as Employer**

23.     At all relevant times, Defendant Costco acted as an employer or joint employer of Wireless Advocates employees working at Costco warehouses, including Plaintiffs Clarice Pytelweski and Daniels, and the class members they seek to represent, within the meaning of the California Labor Code and applicable Wage Orders.  Costco exercised meaningful control over the employment relationship of Wireless Advocates employees working at Costco warehouses, including the power to supervise and discipline employees, the power to direct employees in the tasks they must perform, the power to set standards for their performance, and the power to determine the hours and terms of their work.  Costco requires Plaintiffs Clarice Pytelweski and Daniels and its other wireless services employees to perform work that is an integral part of Costco's business, such that wireless services class members are or were dependent upon Costco as a matter of economic reality.  Indeed, Costco controlled the hours and working conditions of wireless services employees to such a degree that it locked these employees inside Costco warehouses without pay after their shifts ended. Costco, together with Wireless Advocates, shared the power to set the employment terms and conditions for Plaintiffs Clarice Pytelweski and Daniels and the wireless services employees they seek to represent, and

1  Defendants jointly reap the benefits from the underpayment of Plaintiffs' wages and non-
2  compliance with other statutory provisions governing their employment.

3  **B.      Wireless Advocates' Role in the "Lock-In" Practice**

4          24.     Upon information and belief, Defendant Wireless Advocates' Kiosk Managers
5  and District Managers knew their employees were and continue to be locked in without pay and
6  against their will at closing time, and Defendant Wireless Advocates has not taken any action to
7  prevent this practice or to compensate its employees for this time.

8          25.     In fact, Defendant Wireless Advocates has refused to allow its employees to
9  clock out a few minutes before their shifts end in order to avoid being locked inside Costco
10 warehouses. In approximately 2007, after Plaintiff Daniels informed his District Manager that
11 he was clocking out before the end of his shift because Costco managers were locking the doors
12 and refusing to release employees at closing time, Plaintiff Daniels' District Manager sent an
13 email to his employees stating that they would be written up if they continued to clock out
14 early. Upon information and belief, the Manager took no action to remedy the issue.

15         26.     Upon information and belief, both Defendant Costco and Defendant Wireless
16 Advocates refuse to allow employees to clock back in during the "waiting time" in which they
17 are locked inside Costco warehouses without pay because Defendants do not want to
18 compensate their employees for the time spent waiting on Costco's managers or supervisors.

19         27.     As a direct result of Defendants' unlawful conduct, Defendants have violated
20 numerous sections of the California Labor Code, including California Labor Code §§ 204, 510,
21 and 1194 and California Industrial Welfare Commission Occupational Wage Order 7-2001, 8
22 Cal. Code of Reg. § 11040 (hereinafter "Wage Order"), which together entitle employees to be
23 paid (i) the minimum wage for all hours worked; (ii) their regular hourly rate when due for all
24 hours worked; (iii) overtime compensation at one-and-a-half times their regular rate of pay for
25 all hours worked over eight (8) hours in one workday and under and including twelve (12)
26 hours one workday; (iv) overtime compensation at two-times their regular rate of pay for all
27 hours worked over twelve (12) hours in one workday; and (v) overtime compensation at one-
28 and-a-half times their regular rate of pay for all hours worked over forty (40) in one workweek.

-8-

28.     Defendants have also violated the Unfair Competition Law, Business and Professions Code § 17200 et seq. ("UCL") and the common law of false imprisonment, by the violations of California law as described above.

29.     Plaintiff Mary Pytelewski has made numerous complaints to Costco Management about Defendant Costco's violation of California's wage and hour laws and its other unlawful practices, which resulted in Defendant Costco taking unlawful retaliatory actions toward Plaintiff.  Such adverse actions include, *inter alia*, writing Plaintiff Mary Pytelewski up for discrepancies in cash drawers, placing Plaintiff Mary Pytelewski on two unofficial "probations," calling her "Crazy Mary," and posting a supervisor as a guard at her cash register.

30.     As a direct result of Defendants' unlawful conduct, Plaintiff Mary Pytelewski has suffered harm, injury, and damages in addition to being deprived of the wages, overtime, and other legal protections to which she was entitled under federal and California law.

V.

**CLASS ACTION ALLEGATIONS**

31.     Plaintiffs brings this action, on behalf of themselves and all others similarly situated, as a class action pursuant to California Code of Civil Procedure § 382. The Class that Plaintiffs seek to represent is composed of and defined as follows: all persons who are, were, or will be employed by Defendants as hourly, non-exempt employees in Costco warehouses throughout California at any time since at least May 2005.

32.     This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

33.     The class is sufficiently numerous, since it is estimated to include approximately several hundred or more Costco and Wireless Advocates employees geographically dispersed, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court.

/ / / / /

-9-

34.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions that may affect individual Class members, including but not limited to the following:

(a)     Whether Defendants failed and continue to fail to fully pay hourly, non-exempt employees all wages due for all hours worked in violation of California Labor Code §§ 204, 1194 *et seq.* and California Business and Professions Code §§ 17200 *et seq.*;

(b)     Whether Defendants failed and continue to fail to fully pay hourly, non-exempt employees all overtime wages earned in violation of California Labor Code §§ 510, 1194 *et seq.* and California Business and Professions Code §§ 17200 *et seq.*;

(c)     Whether Defendants failed and continue to fail to make, keep, preserve, and/or timely furnish records of hourly, non-exempt employees' daily hours worked, including the start and end of each work period and wages earned in violation of California Labor Code § 226;

(d)     Whether Defendants' conduct is "unlawful," "unfair," or "fraudulent" under the California Business and Professions Code §§ 17200 *et seq.*;

(e)     Whether Defendants falsely imprisoned employees by involuntarily confining them on the store's premises by locking the doors and refusing egress;

(f)     Whether Defendants should be enjoined from continuing their unlawful practices;

(g)     Whether Defendants are liable to the California class; and

/////
/////
/////
/////

-10-

1    (h)    Whether the systematic acts and practices of Defendants as alleged

2           herein violated, *inter alia*, applicable provisions of the California Labor

3           Code, including but not limited to, §§ 204, 510, 1194, and applicable

4           Industrial Welfare Commission Orders, and California Business &

5           Professions Code § 17200, et seq.

6    35.    Plaintiffs are asserting claims that are typical of the claims of the Class.

7  Plaintiffs worked overtime on a daily and weekly basis for which Plaintiffs were not properly

8  compensated.  Plaintiffs Krivitsky, Stiller, Carroll, Moncauskas, Cooper, Clarice Pytelewski,

9  and Daniels were non-exempt employees throughout their employment with Costco and

10 Wireless Advocates.  Plaintiffs Mary Pytelewski, Vrismo, and Moro have been and still remain

11 non-exempt employees of Costco.

12   36.    Plaintiffs will fairly and adequately represent and protect the interests of the

13 Class in that they have no disabling conflicts of interest that would be antagonistic to those of

14 the other members of the Class.  Plaintiffs have retained counsel who are competent and

15 experienced in the prosecution of class action wage and hour violations.

16   37.    Because Plaintiffs and the members of the Class have all similarly suffered

17 irreparable harm and damages as a result of Defendants' unlawful and wrongful conduct,

18 including but not limited to Defendants' systematic failure to pay compensation for time they

19 required employees to remain on Costco company premises, failure to pay minimum, regular or

20 overtime wages, and systematic false imprisonment, class treatment is especially appropriate.

21 Absent this action, Defendants' unlawful conduct will continue unremedied and uncorrected.

22                            **FIRST CAUSE OF ACTION**

23                   **UNLAWFUL FAILURE TO PAY ALL WAGES**
                     **EARNED AND DUE FOR ALL HOURS WORKED**
24                   **(LABOR CODE §204 and WAGE ORDER NO. 7-2001)**

25   38.    Plaintiffs repeat and reallege each and every allegation set forth in all of the

26 foregoing paragraphs as if fully set forth herein.

27   39.    During all relevant periods, Defendants required Plaintiffs and the Class

28 members to remain on company premises working "off-the-clock" without compensation.

-11-

40.     During all relevant periods, the California Labor Code requires that employers fully and timely pay employees all wages earned and due for all hours worked.  By requiring employees to remain inside the Costco warehouses to perform "off-the-clock" tasks integral and essential to their employment without compensation, Defendants knowingly and willfully, failed to fully and timely pay Plaintiffs and the Class members their regular straight-time wage rate for all hours worked.  Plaintiffs and the Class members are entitled to recover their unpaid compensation and liquidated damages arising therefrom.

41.     Plaintiffs and the Class members are therefore entitled to the relief requested below.

## SECOND CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY MINIMUM WAGES
### FOR ALL HOURS WORKED "OFF-THE-CLOCK"
### (LABOR CODE §§ 200, 1194 et seq.)

42.     Plaintiffs repeat and reallege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

43.     During all relevant periods, Defendants required Plaintiffs and the Class members to remain on Costco company premises without compensation.

44.     During all relevant periods, the California Labor Code requires that employers pay employees for time worked.  By requiring employees to remain inside the Costco warehouses and refusing to allow them to leave and not paying them for such time, Defendants failed to pay Plaintiffs and the Class members earned minimum wages.  Plaintiffs and the Class members are entitled to recover their unpaid compensation and liquidated damages arising therefrom.

45.     Plaintiffs and the Class members are therefore entitled to the relief requested below.

/////

/////

/////

/////

-12-

### THIRD CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME
### (LABOR CODE §§ 510, 1194 et seq.; WAGE ORDER NO. 7-2001)

46.     Plaintiffs repeat and reallege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

47.     During all relevant periods, Defendants required Plaintiffs and the Class members to work shifts in excess of eight hours per day, and to work in excess of forty hours per week.

48.     During all relevant periods, both the California Labor Code and the pertinent wage orders required that all work performed by an employee in excess of eight hours in any workday, on the seventh day of work in any workweek, or in excess of forty hours in any workweek be compensated at one and one-half times the employee's regular rate of pay. Defendants failed to compensate Plaintiffs and Class members for overtime hours they worked in excess of eight hours in any workday, or in excess of forty hours in any workweek, at one and one-half times a rate of pay, based upon their regular rate of pay. As a result, Defendants failed to pay Plaintiffs and the Class members earned overtime wages. Plaintiffs and the Class members are entitled to recover their unpaid overtime compensation and liquidated damages arising therefrom.

49.     Plaintiffs and the other members of the Class members are therefore entitled to the relief requested below.

### FOURTH CAUSE OF ACTION

### UNLAWFUL FAILURE TO PROVIDE ITEMIZED STATEMENTS
### (LABOR CODE § 226 and WAGE ORDER No. 7-2001)

50.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

/////

/////

/////

-13-

51.     During all relevant times, Defendants intentionally failed to furnish to Plaintiffs and Class members, upon each payment of compensation, itemized statements accurately showing: total hours worked, the applicable hourly rates in effect during each pay period, and the corresponding hours worked at each hourly rate.

52.     Plaintiffs and the Class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid minimum wages, straight time wages, or overtime wages, even though they were so entitled and because the failures hindered them from determining the amounts of unpaid wages owed to them.

53.     Named Plaintiffs and the Class members are entitled to the amounts provided in California Labor Code § 226(e), plus costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION
**(BUS. & PROF. CODE §§ 17200-17208)**

54.     Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.     Defendants' failure to pay overtime, as alleged above, constitutes unlawful and/or unfair and/or fraudulent activity prohibited by California Business and Professions Code § 17200.

56.     As a result of their unlawful and/or unfair and/or fraudulent acts, Costco and Wireless Advocates have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and Class members.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the Class members the wrongfully withheld overtime wages, to provide the Class members restitution for the withholding, and for delay in receiving the compensation and overtime wages due, pursuant to Business and Professions Code § 17203.

/////

/////

-14-

AMENDED CLASS ACTION COMPLAINT AND DEMAND <u>FOR JURY TRIAL</u>

1    57.    Accordingly, Plaintiffs and the Class members respectfully request that the
2  Court award judgment and relief in their favor to provide restitution and other types of
3  equitable relief.

4                            **SIXTH CAUSE OF ACTION**

5                              **FALSE IMPRISONMENT**

6    58.    Plaintiffs repeat and reallege each and every allegation contained in the
7  foregoing paragraphs as if fully set forth herein.

8    59.    Defendants' act of locking employees inside the Costco warehouses, thus
9  confining them against their will and refusing to allow the employees to exit, constitutes false
10  imprisonment under California law.

11    60.    These acts of false imprisonment were and are conducted due to approved
12  Company policy willfully designed to injure Plaintiffs and the Class members.

13    61.    Defendants intentionally engaged in these acts of false imprisonment with
14  oppression, fraud and malice, and with reckless disregard of the rights of Plaintiffs and Class
15  members, entitling them to punitive damages.

16    62.    Plaintiffs and the Class members are entitled to damages for mental anguish and
17  emotional distress resulting from such unlawful conduct.

18    63.    Plaintiffs and the other members of the Class are therefore entitled to the relief
19  requested below.

20                          **SEVENTH CAUSE OF ACTION**

21                                **RETALIATION**

22    64.    Plaintiff Mary Pytelewski repeats and realleges each and every allegation
23  contained in the foregoing paragraphs as if fully set forth herein.

24    65.    Plaintiff Mary Pytelewski engaged in protected activity by making complaints
25  about Defendant's violation of California's wage and hour laws.

26    66.    Defendant Costco retaliated against Plaintiff Mary Pytelewski by subjecting her
27  to adverse employment actions in response to her complaints regarding Defendant's violation
28  of California's wage and hour laws.

-15-

67.   Plaintiff Mary Pytelewski has been damaged by Defendant's unlawful retaliatory conduct.

68.   Plaintiff Mary Pytelewski is therefore entitled to the relief requested below.

## VI.

## DEMAND FOR JURY TRIAL

69.   Plaintiffs and the Class members hereby demand a jury trial on all issues of fact or law so triable.

## VII.

## PRAYER FOR RELIEF

70.   WHEREFORE, Plaintiffs on behalf of themselves and the Class members they seek to represent in this action request the following relief:

A.   That the Court determine that this action may be maintained as a class action;

B.   That the Court find that Defendants have violated the minimum wage and overtime provisions of Labor Code §§ 510 and 1194 and Wage Order 7-2001 as to the Plaintiffs and the Class;

C.   That the Court find that Defendants have violated Business and Professions Code § 17200 et seq. by failing to pay their hourly, non-exempt employees earned wages and overtime compensation;

D.   That the Court find that Defendants' violations as described have been willful;

E.   That the Court award to Plaintiffs and the Class damages of not less than $50,000,000.00 for the amount of unpaid compensation and unpaid overtime compensation, including interest thereon;

F.   That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the California Class due to Defendants' unlawful and/or unfair activities, pursuant to Business and Professions Code §§ 17200-05;

/////

-16-

G.    That Defendants further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code § 17200, pursuant to § 17203;

H.    That Defendants be ordered to pay compensatory and punitive damages for their tortious conduct in the form of false imprisonment;

I.    That Plaintiff Mary Pytelewski be awarded compensatory damages for Defendant's retaliatory conduct in violation of California public policy;

J.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5 and/or other applicable law;

K.    That the Court award such other and further relief as this Court may deem appropriate.

Dated:  October 2, 2009                    Respectfully submitted,


Jill M. Sullivan, CA Bar No. 185757

David W. Sanford, DC Bar No. 457933
Felicia Medina, CA Bar No. 255804
Deborah Marcuse, CT Bar No. 429294
Janette Wipper, DC Bar No. 467313
Felicia Medina, CA Bar No. 255804
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Ave., NW, Suite 310
Washington, DC 20009
Telephone:  (202) 742-7780
Facsimile:  (202) 742-7776

Steven Wittels, NY Bar No. 2004635
Jeremy Heisler, NY Bar No. 1653484
**SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, NY 10022
Telephone:  (646) 723-2947
Facsimile:  (646) 723-2948

-17-

AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1                     Edward D. Chapin, CA Bar No. 053287

2                     Jill M. Sullivan, CA Bar No. 185757
                      OF COUNSEL

3                     SANFORD, WITTELS & HEISLER, LLP
                      550 West "C" Street, Suite 2000

4                     San Diego, CA 92101
                      Tel:   (619) 241-4810

5                     Fax:  (619) 955-5318

6                     Michael Ram, CA Bar No. 104805

7                     Karl Olson, CA Bar No. 104760
                      OF COUNSEL

8                     SANFORD, WITTELS & HEISLER, LLP
                      639 Front Street, Fourth Floor

9                     San Francisco, CA 94111

10                  Marc Litton, CA Bar No. 119985

11                  SANFORD, WITTELS & HEISLER, LLP
                     100 Montgomery Street, Suite 1600

12                  San Francisco, CA 94104
                     Telephone:  (415) 391-6900

13                  Facsimile:  (415) 391-6901

14                  *Attorneys for the Plaintiff and the Plaintiff Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

EXHIBIT B

# Exhibit "B"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 450-7057

PLAINTIFF(S) / PETITIONER(S) / APPELLANT(S): Mary Pytelewski

DEFENDANT(S) / RESPONDENT(S): Costco

PYTELEWSKI VS. COSTCO

| NOTICE OF HEARING | CASE NUMBER: |
|---|---|
| | 37-2009-00089654-CU-OE-CTL |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/13/2009 | 09:00 am | C-67 | David B. Oberholtzer |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**NOH - NOTICE OF HEARING**                    Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

| SHORT TITLE: Pytelewski vs. Costco | |
|---|---|
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** 37-2009-00089654-CU-OE-CTL |

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occured at San Diego, California on 09/17/2009. The mailing occured at Sacramento, California on 09/18/2009.

Clerk of the Court, by: _____, Deputy

JEREMY HEISLER
SANFORD, WITTELS & HEISLER, LLP
950 THIRD Avenue # 10TH FLOOR
NEW YORK, NY 10022

JILL M. SULLIVAN
550 WEST 'C' STREET, STE. 2000
SAN DIEGO, CA 92101

Steven L. Wittels
Sanford Wittels & Heisler, LLP
950 Third Avenue, 10th Floor
New York, NY 10022

David W. Sanford
Sanford, Wittels & Heisler, LLP
1666 NW Connecticut Avenue # 310
Washington, DC 20009

CLERK'S CERTIFICATE OF SERVICE BY MAIL                              Page 2

**EXHIBIT  C**

# Exhibit "C"

FILED
CIVIL BUSINESS OFFICE 17
CENTRAL DIVISION

09 NOV -3  PH 2: 42

1   SEYFARTH SHAW LLP
    Kenwood C. Youmans (SBN 68258)
2   David D. Kadue (SBN 113578)
    2029 Century Park East, Suite 3500
3   Los Angeles, California 90067-3021
    Telephone: (310) 277-7200
4   Facsimile: (310) 201-5219

5   Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION

6

7

8

9                SUPERIOR COURT OF CALIFORNIA     **By Fax**

10                 COUNTY OF SAN DIEGO

| | |
|---|---|
| 11   MARY PYTELEWSKI on behalf of herself individually, and all others similarly situated, | Case No. 37-2009-00089654-CU-OE-CTL |
| 12 | Assigned to Hon. David B. Oberholtzer, |
| 13       Plaintiffs, | Department C-67 |
| 14       v. | **ANSWER OF DEFENDANT COSTCO WHOLESALE CORPORATION TO** |
| 15   COSTCO d/b/a COSTCO WHOLESALE CORPORATION and DOE 1 through 25, | **FIRST AMENDED COMPLAINT OF PLAINTIFFS MARY PYTELEWSKI,** |
| 16   inclusive, | **DENISE KRIVITSKY, ERIC STILLER, SAM CARROLL, STEVE VRISMO,** |
| 17       Defendants. | **JEREMY MONCAUSKAS, ALBERT COOPER, JOSEPH MORO, CLARICE** |
| 18 | **PYTELEWSKI, MORGAN DANIELS** |
| 19 | |

20       Defendant COSTCO WHOLESALE CORPORATION hereby files its answer to the

21   Unverified First Amended Complaint ("Complaint") of Plaintiffs MARY PYTELEWSKI,

22   DENISE KRIVITSKY, ERIC STILLER, SAM CARROLL, STEVE VRISMO, JEREMY

23   MONCAUSKAS, ALBERT COOPER, JOSEPH MORO, CLARICE PYTELEWSKI, and

24   MORGAN DANIELS, as follows:

25                   **GENERAL DENIAL**

26       Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

27   Defendant denies, generally and specifically, each allegation and purported cause of action in the

28   Complaint, and, without limiting the generality of the foregoing, denies—generally and

LA1 6907162.1

                           ANSWER TO FIRST AMENDED COMPLAINT

1    specifically—that Plaintiffs have been damaged in the manner or sums alleged, or in any way at

2    all, by reason of any act or omission of Defendant.

3 **FURTHER DEFENSES**

4      In further answer, Defendant alleges the following defenses.  In asserting these defenses,

5    Defendant does not assume the burden of proof as to matters that, under the law, are the

6    Plaintiffs' burden to prove.  Defendant does not presently know all the circumstances respecting

7    Plaintiffs' claims.  Defendant reserves the right to amend this Answer should Defendant discover

8    facts supporting additional defenses.

9 **FIRST DEFENSE**

10 (Failure to State a Cause of Action—As to All Causes of Action)

11      1.    Neither Plaintiffs' Complaint nor any purported cause of action therein alleged

12    states facts sufficient to constitute claims upon which relief may be granted against Defendant.

13 **SECOND DEFENSE**

14 (Statutes of Limitation—As to All Causes of Action)

15      2.    Plaintiffs' claims, in whole or in part, are barred by the applicable statutes of

16    limitation, including, but not limited to, California Business and Professions Code § 17208 and

17    California Code of Civil Procedure § 340.

18 **THIRD DEFENSE**

19 (Laches—As to All Causes of Action)

20      3.    To the extent that Plaintiffs have delayed inexcusably and unreasonably in the

21    filing of this action, causing substantial prejudice to Defendant, Plaintiffs' claims are barred by

22    the equitable doctrine of laches.

23 **FOURTH DEFENSE**

24 (Estoppel and Waiver—As to All Causes of Action)

25      4.    The Complaint, and each cause of action alleged therein, is barred by the

26    doctrines of estoppel and waiver.

27

28

2

ANSWER TO FIRST AMENDED COMPLAINT

**FIFTH DEFENSE**

(De Minimis Time)

5.      Delays Plaintiffs experienced, if any, were sporadic, small, and practically infeasible to record.

**SIXTH DEFENSE**

(No Penalty–As to All Causes of Action)

6.      Plaintiffs are not entitled to any penalty award, under section 203 of the California Labor Code or otherwise, because Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith with reasonable grounds for believing that its actions were lawful.

**SEVENTH DEFENSE**

(Penalties—As to All Causes of Action)

7.      The Complaint fails to allege facts sufficient to establish a claim for penalties under the California Labor Code, including, but not limited to, §§ 203, 226, 558, 2699, and 2699.3.

**EIGHTH DEFENSE**

(Consent—As to False Imprisonment)

8.      The false imprisonment claim fails to the extent that Plaintiffs consented to delays in exiting the warehouse and that Defendant acted reasonably.

**NINTH DEFENSE**

(Failure to Mitigate Damages—As to All Causes of Action)

9.      Defendant is informed and believes and based thereon alleges that by exercise of reasonable efforts, Plaintiffs could have mitigated the amount of damages allegedly suffered, but Plaintiffs have failed or refused to exercise reasonable efforts to mitigate damages.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiffs take nothing by their Complaint on file herein;

3

ANSWER TO FIRST AMENDED COMPLAINT

LA1 6907162.1

1      2.      That judgment be entered in favor of Defendant and against Plaintiffs on all

2 causes of action;

3      3.      That Defendant be awarded reasonable attorney fees according to proof;

4      4.      That Defendant be awarded the costs of suit incurred herein; and

5      5.      That Defendant be awarded such other and further relief as the Court may deem

6 appropriate.

7 DATED: November 3, 2009          SEYFARTH SHAW LLP

8

9          By

10              David D. Kadue
             Attorneys for Defendant
11              COSTCO WHOLESALE CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

ANSWER TO FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                         )    ss

COUNTY OF LOS ANGELES   )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On the date set forth below, I served the within documents:

**ANSWER OF DEFENDANT COSTCO WHOLESALE CORPORATION TO FIRST AMENDED COMPLAINT OF PLAINTIFFS MARY PYTELEWSKI, DENISE KRIVITSKY, ERIC STILLER, SAM CARROLL, STEVE VRISMO, JEREMY MONCAUSKAS, ALBERT COOPER, JOSEPH MORO, CLARICE PYTELEWSKI, MORGAN DANIELS**

☐     I sent such document from facsimile machine (310) 201-5219 on October 20, 2009.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at , California, addressed as set forth below.

David W. Sanford
Sanford, Wittels & Heisler, LLP
1666 Connecticut Avenue
NW, Suite 310
Washington, D.C. 20009

Steven L. Wittels
Sanford, Wittels & Heisler, LLP
950 Third Avenue, 10th Floor
New York, New York 10022

Edward D. Chapin
Sanford, Wittels & Heisler, LLP
550 West "C" Street, Suite 2000
San Diego, CA  92101

Michael Ram
Sanford, Wittels & Heisler, LLP
639 Front Street, Fourth Floor
San Francisco, CA  94111

Marc Litton
Sanford, Wittels & Heisler, LLP
100 Montgomery Street, Suite 1600
San Francisco, CA 94104

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

5

ANSWER TO FIRST AMENDED COMPLAINT

LA1 6907162.1

1   motion of the party served, service is presumed invalid if postal cancellation date or postage
2   meter date is more than one day after the date of deposit for mailing in affidavit.

3       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4       Executed on November 3, 2009, at Los Angeles, California.

5

6                             Fern Jenkins

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

LA1 6907162.1

# EXHIBIT "D"



1  CARLTON DiSANTE & FREUDENBERGER LLP
   Marie D. DiSante, State Bar No. 138267
2     Laura L. Sandeh, State Bar No. 130459
   2600 Michelson Drive
3  Suite 800
   Irvine, California 92612
4  Telephone: (949) 622-1661
   Facsimile: (949) 622-1669
5  E-Mail: mdisante@cdflaborlaw.com
          lsaadeh@cdflaborlaw.com
6
   FARRELL LAW GROUP, INC.
7    Mary E. Farrell, State Bar No. 172050
     Erick Turner, State Bar No. 236186
8  770 "L" Street, Suite 950
   Sacramento, California 95814
9  Telephone: (916) 449-3933
   Facsimile: (916) 449-3943
10 E-Mail: mary@farrelllawgroup.com
          erick@farrelllawgroup.com
11
   Attorneys for Defendant
12 Wireless Advocates LLC

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2009 NOV -3  A 9: 46

SUPERIOR COURT
SAN DIEGO COUNTY, CA

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                        COUNTY OF SAN DIEGO

15

16 MARY PYTELEWSKI, on behalf of herself      )   Case No. 37-2009-00089654-CU-OE-CTL
   individually and all others similarly situated,  )
17                                            )   Judge David B. Oberholtzer
18              Plaintiff,                     )   Dept: C-67
                                              )
         v.                                   )
19                                            )   DEFENDANT WIRELESS ADVOCATES
   COSTCO d/b/a/ COSTCO WHOLESALE             )   LLC'S ANSWER TO PLAINTIFFS'
20 CORPORATION; and DOES 1 through 25,        )   FIRST AMENDED COMPLAINT
   inclusive,                                 )
                                              )   Action Filed:  May 15, 2009
21              Defendant.                     )   Trial Date:    Not Set
22

23

24

25

26

27

28

CARLTON DiSante &
FREUDENBERGER LLP                                    Wireless Advocates' Answer to First Amended
                                                                                    Complaint
359566.1

1    Defendant Wireless Advocates LLC hereby answers, for itself alone, the unverified First

2   Amended Complaint ("Complaint") of Plaintiffs as follows:

3                                    **I. GENERAL DENIAL**

4        Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure,

5   Wireless Advocates generally denies each and every material allegation in the Complaint, and

6   specifically denies that Plaintiffs and the members of the purported class have been damaged in any

7   amount, sum, or manner whatsoever.

8                                **II. AFFIRMATIVE DEFENSES**

9        Wireless Advocates has not completed its investigation of the facts of this case, has not

10  completed discovery in this matter, and has not completed its preparation for trial.  The affirmative

11  defenses asserted herein are based on Wireless Advocates' knowledge, information, and belief at

12  this time, and Wireless Advocates specifically reserves the right to modify, amend, or supplement

13  any affirmative defense contained herein at any time.

14       Without conceding that it bears the burden of proof or persuasion as to any one of them,

15  Wireless Advocates alleges the following separate affirmative defenses to the Complaint:

16                              **FIRST AFFIRMATIVE DEFENSE**

17                                  (Failure to State a Claim)

18       1.      The Complaint, and each cause of action therein, fails to state facts sufficient to

19  constitute a cause of action against Wireless Advocates.

20                             **SECOND AFFIRMATIVE DEFENSE**

21                        (Failure to Satisfy Requirements of a Class Action)

22       2.      Plaintiffs and members of the purported class fail to adequately plead the elements

23  that are necessary for class action treatment, and therefore should be barred from seeking to certify

24  this case as a class action, because there is no ascertainable class and no well-defined community of

25  interest among members of the purported class.

26  ///

27  ///

28  ///

1                                        Wireless Advocates' Answer to First Amended
                                                                            Complaint

359566.1

### THIRD AFFIRMATIVE DEFENSE

#### (Failure of Predominant Common Questions of Law or Fact)

3.     Plaintiffs and members of the purported class fail to adequately plead the elements that are necessary for class action treatment, and therefore should be barred from seeking to certify this case as a class action, because there are no predominant common questions of law or fact between the proposed class representatives and members of the purported class.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure of Proposed Class Representatives Having Claims Typical of the Class)

4.     Plaintiffs and members of the purported class fail to adequately plead the elements that are necessary for class action treatment, and therefore should be barred from seeking to certify this case as a class action, because the proposed class representatives do not have claims typical of the members of the purported class.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Qualify as Class Representatives)

5.     The causes of action alleged by Plaintiffs and members of the purported class are barred, in whole or in part, as a class action because Plaintiffs do not meet the requirements for a class representative.

### SIXTH AFFIRMATIVE DEFENSE

#### (Class Action Not Superior Method of Adjudication)

6.     The causes of action alleged by Plaintiffs and members of the purported class are barred, in whole or in part, as a class action because a class action is not the superior method for adjudicating this dispute.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Satisfy Requirements of Representative Class)

7.     Plaintiffs and members of the purported class failed to adequately plead the elements that are necessary to maintain a representative claim under California Business and Professions Code sections 17200 *et seq.* because all current and former employees of Wireless

2

359566.1

1 | Advocates who are purportedly represented by Plaintiffs are not similarly situated to each other or
2 | to Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

5 | 8.     If Wireless Advocates did subject Plaintiffs and members of the purported class to
6 | any wrongful or unlawful conduct, although such is not admitted hereby or herein, Plaintiffs and
7 | members of the purported class had a duty to mitigate any damages they may have suffered and
8 | failed to do so.

### NINTH AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

11 | 9.     The causes of action alleged by Plaintiffs and members of the purported class are
12 | barred, in whole or in part, by the applicable statutes of limitations, including, without limitation,
13 | those provided for in California Code of Civil Procedure Code sections 335.1, 338(a), 340(a), and
14 | California Business and Professions Code section 17208.

### TENTH AFFIRMATIVE DEFENSE

#### (Justification/Privilege/Legitimate Business Reason)

17 | 10.     The actions of Wireless Advocates with respect to the subject matters in each of the
18 | alleged causes of action were undertaken in good faith and for good cause, with the absence of
19 | malicious intent to injure Plaintiffs or the members of the purported class, and constitute lawful,
20 | proper, privileged, and justified means to further the sole purpose of Wireless Advocates to engage
21 | in and continue its lawful business activities. Furthermore, all decisions made with respect to
22 | Plaintiffs' employment were reasonably based on legitimate, non-discriminatory reasons, and were
23 | made for proper business-related reasons which were neither arbitrary, capricious, nor unlawful,
24 | and were reasonably based upon the facts as Wireless Advocates understood them. By reason
25 | thereof, Plaintiffs and the members of the purported class are barred, in whole or in part, from
26 | recovery on any of the alleged causes of action.

3

Wireless Advocates' Answer to First Amended
Complaint

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Conduct)

11.     Plaintiffs' and the purported class members' claims are barred, in whole or in part, because if Plaintiffs or the purported class members suffered or sustained any damage, injury, or detriment as alleged in the Complaint, such injury was caused by their own conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Violation of Constitutional Rights)

12.     Any award of relief as sought by Plaintiffs and members of the purported class would violate the due process and excessive fine clauses of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Violation of Underlying State or Federal Law)

13.     Wireless Advocates is not liable for violation of unlawful business practices under California Business and Professions Code sections 17200 *et seq.* because it is not liable to Plaintiffs or members of the purported class for any alleged violation of any underlying state or federal laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Benefits of Business Practice)

14.     Wireless Advocates is not liable for violation of California Business and Professions Code sections 17200 *et seq.* because the benefits of Wireless Advocates' practices to Plaintiffs and members of the purported class outweigh whatever particular harm or impact the practices allegedly caused them.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Unfair, Misleading, or Deceptive Business Practices)

15.     Wireless Advocates is not liable for violation of California Business and Professions Code sections 17200 *et seq.* because its business practices were not unfair, not deceptive, and not likely to mislead anyone.

4

359566.1

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

16.     The relief requested by Plaintiffs and members of the purported class under California Business and Professions Code sections 17200 *et seq*. should be denied because Plaintiffs and members of the purported class have an adequate remedy at law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(No Willfulness/Good Faith Actions/Dispute)

17.     Wireless Advocates did not act willfully or with knowledge or reckless disregard as to whether its conduct violated California wage and hour laws.  Rather, Wireless Advocates acted in good faith and had reasonable grounds for believing that its actions were in compliance with California wage and hour laws.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(No Knowledge, Authorization, or Ratification)

18.     Wireless Advocates is not liable for the alleged damages of Plaintiffs or members of the purported class because if any person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or she did so without the knowledge, authorization, or ratification of Wireless Advocates.

**NINETEENTH AFFIRMATIVE DEFENSE**

(No Entitlement to Injunctive Relief)

19.     Plaintiffs and members of the purported class are precluded from obtaining injunctive relief, either in whole or in part, because they have not and cannot allege or prove that irreparable harm will result if injunctive relief is denied.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Comparative Fault)

20.     Wireless Advocates' conduct is not the sole and proximate cause of the alleged damages and losses, if any, of Plaintiffs and members of the purported class, who themselves contributed to some or all of the alleged damage.  Any damages awarded to Plaintiffs and members

Wireless Advocates' Answer to First Amended
Complaint

359566.1

1 | of the purported class must be apportioned according to Plaintiffs' and the purported class

2 | members' respective fault and legal responsibility based on the extent to which they contributed to

3 | and/or caused their alleged damages according to the proof presented at the time of trial.

4 | **TWENTY-FIRST AFFIRMATIVE DEFENSE**

5 | (Laches)

6 |     21.    The Complaint, and each cause of action therein, is barred, in whole or in part, by

7 | the doctrine of laches.

8 | **TWENTY-SECOND AFFIRMATIVE DEFENSE**

9 | (Waiver, Estoppel, and/or Consent)

10 |     22.    The Complaint, and each cause of action therein, is barred, in whole or in part, by

11 | the doctrines of waiver, estoppel, and/or consent.

12 | **TWENTY-THIRD AFFIRMATIVE DEFENSE**

13 | (Unclean Hands)

14 |     23.    The Complaint, and each cause of action therein, is barred, in whole or in part, by

15 | the doctrine of unclean hands.

16 | **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

17 | (Avoidable Consequences Doctrine)

18 |     24.    The Complaint, and each claim for equitable and/or monetary relief therein, is

19 | barred, in whole or in part, on the basis of the avoidable consequences doctrine.

20 | **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

21 | (Attorneys' Fees Not Recoverable)

22 |     25.    Plaintiff and members of the purported class are precluded from recovering

23 | attorneys' fees from Wireless Advocates under applicable provisions of law (for some or all causes

24 | of action), including, without limitation, California Code of Civil Procedure section 1021.

25 | **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26 | (Bad Faith)

27 |     26.    The Complaint was brought by Plaintiffs in bad faith and is frivolous, unreasonable,

28 | and groundless, and by reason of the conduct stated herein Wireless Advocates is entitled to, and

6

Wireless Advocates' Answer to First Amended
Complaint

359566.1

1  will seek, reasonable expenses, including attorneys' fees, incurred in defending this action pursuant

2  to California Code of Civil Procedure section 128.7.

3                    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

4                                    (Offset)

5          27.    If it is determined that Wireless Advocates owes monetary damages to Plaintiffs

6  and/or members of the purported class, Wireless Advocates is entitled to an offset to the extent

7  Plaintiffs and/or the members of the purported class owe money to Wireless Advocates.

8                    **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

9                                (Exempt Status)

10         28.    As to those Plaintiffs and purported class members who were or are employees of

11  Wireless Advocates, their claims are barred, in whole or in part, to the extent those individuals

12  were or could have been exempt from overtime pay requirements under California law pursuant to

13  the inside sales exemption.

14                     **TWENTY-NINTH AFFIRMATIVE DEFENSE**

15                                   (Release)

16         29.    Plaintiffs and members of the purported class are precluded from recovering under

17  their claims to the extent they have released those claims.

18                      **THIRTIETH AFFIRMATIVE DEFENSE**

19                                  (De Minimis)

20         30.    To the extent Plaintiffs and the purported class base their claims on alleged "off-the-

21  clock" work, those claims are barred, in whole or in part, because the alleged "off-the-click" work

22  was de minimis.

23

24                              **III.  PRAYER**

25         1.    WHEREFORE, Defendant Wireless Advocates LLC prays for judgment as follows:

26         (1)    That Plaintiffs' Complaint and each cause of action therein be dismissed with

27  prejudice;

28         (2)    That Plaintiffs and members of the purported class take nothing by Plaintiffs'

                                    7            Wireless Advocates' Answer to First Amended
                                                                     Complaint

359566.1

1  Complaint;

2      (3)    That Wireless Advocates be awarded its costs incurred herein and reasonable

3  attorneys' fees pursuant to California Labor Code section 218.5; and

4      (4)    That the Court orders such other and further relief for Wireless Advocates as the

5  Court may deem just and proper.

6

7  Dated:  November 2, 2009        CARLTON DiSANTE & FREUDENBERGER LLP
                                          Marie D. DiSante

8                                            Laura L. Saadeh

9

10                           By: _____

11                                    Laura L. Saadeh
                         Attorneys for Defendant

12                           Wireless Advocates LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wireless Advocates' Answer to First Amended
Complaint

359566.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 2600 Michelson Drive, Suite 800, Irvine, California 92612. On November 2, 2009, I served upon the interested party(ies) in this action the following document described as: DEFENDANT WIRELESS ADVOCATES LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

| | |
|---|---|
| David W. Sanford, Esq. | Edward D. Chapin, Esq. |
| Felicia Medina, Esq. | Jill M. Sullivan, Esq. |
| Deborah Marcuse, Esq. | Sanford, Wittels & Heisler, LLP |
| Janette Wipper, Esq. | 550 West "C" Street, Suite 2000 |
| Sanford, Wittels & Heisler, LLP | San Diego, California 92101 |
| 1666 Connecticut Ave., NW, Suite 310 | |
| Washington, D.C. 20009 | Facsimile No.: (619) 955-5318 |

Facsimile No.: (202) 742-7776

[X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 2, 2009, at Irvine, California.

| | |
|---|---|
| Carol A. Hunt | *(signature)* |
| (Type or print name) | (Signature) |

1

CARLTON DISANTE &
FREUDENBERGER LLP

358653.1

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA      )
                           )   ss

COUNTY OF LOS ANGELES   )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On the date set forth below, I served the within documents:

**NOTICE OF REMOVAL BY COSTCO WHOLESALE CORPORATION**

☐   I sent such document from facsimile machine (310) 201-5219. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐   electronically by using the Court's ECF/CM System.

| | |
|---|---|
| David W. Sanford<br>Sanford, Wittels & Heisler, LLP<br>1666 Connecticut Avenue NW, Suite 310<br>Washington, D.C. 20009 | Steven L. Wittels<br>Sanford, Wittels & Heisler, LLP<br>950 Third Avenue, 10th Floor<br>New York, New York 10022 |
| Edward D. Chapin<br>Sanford, Wittels & Heisler, LLP<br>550 West "C" Street, Suite 2000<br>San Diego, CA 92101 | Michael Ram<br>Sanford, Wittels & Heisler, LLP<br>639 Front Street, Fourth Floor<br>San Francisco, CA 94111 |
| Marc Litton<br>Sanford, Wittels & Heisler, LLP<br>100 Montgomery Street, Suite 1600<br>San Francisco, CA 94104 | Marie d. DiSante<br>Carlton DiSante & Freudenberger LLP<br>2600 Michelson Drive<br>Suite 800<br>Irvine, California 92612 |

LA1 6907037.3

1        I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the

2    U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service

3    is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

4

5        I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

6        Executed on November 4, 2009, at Los Angeles, California.

7

8                  Fern Jenkins

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

**CIVIL COVER SHEET**

☐ ORIGINAL

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Mary Pytelewski, et al. | Costco Wholesale Corporation    **By Fax** |

**(b)** County of Residence of First Listed Plaintiff <u>San Diego</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David W. Sanford, DC BN 457933
Sandford, Wittels & Heisler, LLP
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
(Note: For more, see attachment)

Attorneys (If Known)
David D. Kadue (SBN 113578)
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500,
Los Angeles, CA 90067-3021

**09 CV 2483**    MMA BLM

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332    28 1441
Brief description of cause:
Class action wage and hour claims, CAFA removal

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE                DOCKET NUMBER

DATE
November 4, 2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 6948    AMOUNT 350.    APPLYING IFP    JUDGE    MAG. JUDGE
11/4/09

American LegalNet, Inc.
www.FormsWorkflow.com

## **ATTACHMENT**

**Plaintiffs' Attorneys**

David W. Sanford
Sanford, Wittels & Heisler, LLP
1666 Connecticut Avenue
NW, Suite 310
Washington, D.C. 20009

Edward D. Chapin
Sanford, Wittels & Heisler, LLP
550 West "C" Street, Suite 2000
San Diego, CA 92101

Marc Litton
Sanford, Wittels & Heisler, LLP
100 Montgomery Street, Suite 1600
San Francisco, CA 94104

Steven L. Wittels
Sanford, Wittels & Heisler, LLP
950 Third Avenue, 10th Floor
New York, New York 10022

Michael Ram
Sanford, Wittels & Heisler, LLP
639 Front Street, Fourth Floor
San Francisco, CA 94111

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA    ) <br>
                     )   ss <br>
COUNTY OF LOS       ) <br>
ANGELES

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On the date set forth below, I served the within documents:

CIVIL COVER SHEET

☐    I sent such document from facsimile machine (310) 201-5219. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at , California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at , California, addressed as set forth below.

☐    electronically by using the Court's ECF/CM System.

| | |
|---|---|
| David W. Sanford<br>Sanford, Wittels & Heisler, LLP<br>1666 Connecticut Avenue<br>NW, Suite 310<br>Washington, D.C. 20009 | Steven L. Wittels<br>Sanford, Wittels & Heisler, LLP<br>950 Third Avenue, 10th Floor<br>New York, New York 10022 |
| Edward D. Chapin<br>Sanford, Wittels & Heisler, LLP<br>550 West "C" Street, Suite 2000<br>San Diego, CA 92101 | Michael Ram<br>Sanford, Wittels & Heisler, LLP<br>639 Front Street, Fourth Floor<br>San Francisco, CA 94111 |
| Marc Litton<br>Sanford, Wittels & Heisler, LLP<br>100 Montgomery Street, Suite 1600<br>San Francisco, CA 94104 | Marie d. DiSante<br>Carlton DiSante & Freudenberger LLP<br>2600 Michelson Drive, Suite 800<br>Irvine, California 92612 |

PROOF OF SERVICE – CIVIL CASE COVER SHEET

LA1 6910156.1

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on November 4, 2009, at , California.

Fern Jenkins

PROOF OF SERVICE – CIVIL CASE COVER SHEET

LA1 6910156.1

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006948
Cashier ID: sramirez
Transaction Date: 11/04/2009
Payer Name: NATIONWIDE LEGAL
----------------------------------
CIVIL FILING FEE
  For: PYTELEWSKI V. COSTCO
  Case/Party: D-CAS-3-09-CV-002473-001
  Amount:        $350.00
----------------------------------
CHECK
  Check/Money Order Num: 113572
  Amt Tendered:  $350.00
----------------------------------
Total Due:        $350.00
Total Tendered: $350.00
Change Amt:       $0.00


There will be a fee of $45.00
charged for any returned check.