UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STILLER and JOSEPH MORO, on behalf of themselves individually and all other similarly situated,<br><br>Plaintiffs,<br>v.<br>COSTCO WHOLESALE CORPORATION and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:09-cv-2473-GPC-BGS<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE**<br><br>**(ECF NOS. 181, 200)** |

In this collective and class action case, plaintiffs Eric Stiller ("Stiller") and Joseph Moro ("Moro") (together, "Plaintiffs") allege defendant Costco Wholesale Corporation ("Costco") has violated federal and state labor laws through the implementation of closing procedures that resulted in unpaid off-the-clock ("OTC") time. (ECF No. 96-1, Fourth Amend. Compl. ("4AC").)

On December 13, 2010, prior to this case's transfer to this Court, the Honorable Marilyn L. Huff, U.S. District Judge, certified a statewide class action under Federal Rules of Civil Procedure, Rule 23(b)(3), in addition to conditionally certifying a nationwide collective action under the Fair Labor Standards Act ("FLSA"). (ECF No. 104.) Moro is the representative plaintiff of the class action, and Stiller is the

representative plaintiff of the collective action.

On April 13, 2012, Costco filed a motion to decertify the collective and class actions ("Motion to Decertify"). (ECF No. 146.) With regard to the class action, Costco argues that, under the Supreme Court's decision in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011), Moro cannot satisfy Rule 23(a)(2)'s commonality requirement because variations in the way managers implemented the challenged closing procedures preclude a common answer to the question of whether Costco violated labor laws as to each class member. Costco similarly argues Moro cannot satisfy Rule 23(b)(3)'s predominance requirement because there is no uniformly followed policy regarding the challenged closing procedures; thus, liability would need to be determined on an individual basis. Costco further asserts its defenses to liability (de minimis, statute of limitations, and credibility) would require individualized determinations. Lastly, Costco argues a class action is not superior to other available methods (including administrative hearings and individual lawsuits) and that Moro has offered no viable trial plan.

With regard to the collective action, Costco argues that, using Dukes as guidance, Stiller cannot demonstrate he is similarly situated to other potential plaintiffs given the individualized questions discussed above. More specifically, Costco asserts the factual and employment settings of Costco warehouses across the country vary significantly, that its defenses are unique to each plaintiff, and that it would be unfair and procedurally impracticable.

On July 5, 2012, Plaintiffs filed a response in opposition to Costco's Motion to Decertify, (ECF No. 172), and on July 27, 2012, Costco filed a reply, (ECF No. 177). Thereafter, the parties proceeded to file what can only be described as a deluge of unauthorized supplemental briefing. (See ECF Nos. 178, 190, 191, 193, 194, 195, 196, 197, 198, 199, 205, 206.) While the Court does not take issue with parties lodging newly decided cases, the parties' unauthorized briefing on the applicability of these new authorities is not well taken and violates this District's Civil Local Rules. See

Rush v. Islands Restaurants, LP, 2012 WL 4849016, at *1 (S.D. Cal. 2012). Furthermore, it is inappropriate to request that the Court take judicial notice of legal authority, as judicial notice is reserved for "adjudicative fact[s] only." Fed. R. Evid. 201(a).[1] Accordingly, while the Court will permit the parties to lodge any newly decided cases they think applicable to the issues before the Court, the parties shall not submit arguments on the applicability of any cases lodged with the Court without first obtaining leave to do so.

Plaintiff has filed two motions for leave to file supplement evidence in support of their Opposition to Costco's Motion to Decertify. (ECF Nos. 181, 200.) The Court finds the motions suitable for disposition without oral argument. See CivLR 7.1.d.1.

**1.     Plaintiffs' First Motion for Leave to File Supplemental Evidence**

On August 10, 2012, Plaintiffs filed a motion for leave to file supplemental evidence in support of their Opposition to Costco's Motion to Decertify ("First Motion to Supplement"). (ECF No. 181.) Costco filed a response in opposition to the First Motion to Supplement, (ECF No. 185), and Plaintiffs filed a reply, (ECF No. 186).

In their First Motion to Supplement, Plaintiffs request leave to file documents it received from Costco after Plaintiffs filed their Opposition to the Motion to Decertify. The documents consist of reports auditing compliance with the closing procedures that Plaintiffs challenge.

In its Opposition to the First Motion to Supplement, Costco provides its own interpretation of the documents, claiming they are irrelevant to the issues presented in its Motion to Decertify. Ironically, however, Costco concludes its Opposition by arguing the documents support its Motion to Decertify. Costco further argues Plaintiffs requested the audit reports after the close of discovery and that Plaintiffs were already in possession of a sampling of audit reports at the time they filed their Opposition to

---

[1] A judicial opinion may be a source "whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), from which a court may take notice of certain facts, such as whether a claim has been dismissed, see Ezike v. Mittal, 2009 WL 506867 (N.D. Cal. Feb. 27, 2009). A court, however, need not take notice of the law. See United States v. Atwell, 71 F.R.D. 357, 361 (D. Del. 1976) (concluding Rule 201 is inapplicable to "judge's inherent duty and power to find and apply the law").

the Motion to Decertify.

In reply, Plaintiffs assert they only learned of the audit reports at a deposition that was taken pursuant to an extension of the fact discovery deadline. Plaintiffs further argue the audit reports were responsive to a prior request for production and thus should have been produced in response to the request or later in a supplemental response. Plaintiffs argue they did not include any audit reports from the sampling of reports in their possession at the time they filed their Opposition to the Motion to Decertify because none of the sample reports include notes on compliance with the challenged procedures.

The Court finds Plaintiffs' delay in submitting the audit reports was not unreasonable in this instance. The Court finds Costco has been provided a sufficient opportunity to respond to the new evidence in its Opposition to the First Motion to Supplement. The Court finds the audit reports are relevant to the issues presented in Costco's Motion to Decertify, as evidenced by Costco's own arguments that the reports support decertification. Accordingly, Plaintiffs' First Motion to Supplement, (ECF No. 181), is **GRANTED**.

**2.     Plaintiffs' Second Motion for Leave to File Supplemental Evidence**

On June 13, 2013, Plaintiffs filed another motion for leave to file supplemental evidence in support of their Opposition to Costco's Motion to Decertify ("Second Motion to Supplement"). (ECF No. 200.) Costco filed a response in opposition to the Second Motion to Supplement, (ECF Nos. 203, 204), and Plaintiffs filed a reply, (ECF No. 207).

In their Second Motion to Supplement, Plaintiffs request leave to file another set of documents it received from Costco after Plaintiffs filed their First Motion to Supplement.[2] The documents include Costco's internal email communications, memoranda, warehouse audit documents, and other materials stored on Costco's

---

[2] Plaintiffs explained in their First Motion to Supplement that, at that time, the parties were discussing additional, more expansive searches of Costco's electronically stored information ("ESI"). These additional documents are the products of those expanded searches.

intranet. Several of the emails, for example, are from senior management to warehouse managers reminding them to comply with opening and closing procedures.

In opposition, Costco again takes on the weight–rather than relevance–of Plaintiffs' supplemental evidence, arguing the evidence does not stand for the propositions asserted by Plaintiffs. Costco also renews its arguments that Plaintiffs were not diligent in seeking the newly produced documents and that Plaintiffs were in possession of similar documents at the time they filed their Opposition to the Motion to Decertify but chose not to submit them.

The Court finds Plaintiffs' delay in submitting the newly produced documents was not unreasonable in this instance. The Court finds Costco has been provided a sufficient opportunity to respond to the new evidence in its Opposition to the Second Motion to Supplement. The Court finds the newly submitted documents are relevant to the issues presented in Costco's Motion to Decertify, including, for example, whether a uniformly enforced policy led to unpaid OTC time. Accordingly, Plaintiffs' First Motion to Supplement, (ECF No. 200), is **GRANTED**.

The hearing on Plaintiffs' First Motion to Supplement and Second Motion to Supplement, currently set for August 16, 2013, is **VACATED**. The Court, however, will proceed with the currently set status hearing on August 16, 2013, at 1:30 p.m., as outlined in this Court's June 18, 2013 Order. (See ECF No. 201.)

**IT IS SO ORDERED.**

DATED: August 15, 2013

HON. GONZALO P. CURIEL
United States District Judge