David W. Sanford, DC Bar No. 457933 (*Pro Hac Vice*)
Thomas J. Henderson, DC Bar No. 476854 (*Pro Hac Vice*)
Katherine E. Lamm, NY Bar No. 4912507 (*Pro Hac Vice*)
**SANFORD HEISLER, LLP**
1666 Connecticut Ave., NW, Suite 300
Washington, D.C.  20009
Telephone: (202) 499-5200
Facsimile:  (202) 499-5199

Jeremy Heisler, NY Bar No. 1653484 (*Pro Hac Vice*)
**SANFORD HEISLER, LLP**
1350 Avenue of the Americas, Suite 3100
New York, NY  10019
Telephone:  (646) 402-5650
Facsimile:   (646) 402-5651

Felicia Medina, CA Bar No. 255804
**SANFORD HEISLER, LLP**
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
Telephone:  (415) 795-2020
Facsimile:   (415) 795-2021

Jill S. Sanford, CA Bar No. 185757
**OF COUNSEL**
**SANFORD HEISLER, LLP**
5663 Meadows Del Mar
San Diego, CA 92130
Telephone: (619) 398-7406
Facsimile:  (202) 499-5199

Edward D. Chapin, CA Bar No. 053287
**OF COUNSEL**
**SANFORD HEISLER, LLP**
550 West "C" Street, Suite 2000
San Diego, CA  92101
Telephone:  (619) 241-4810
Facsimile:   (619) 955-5318

*Attorneys for the Plaintiffs and the Plaintiff Class*

1

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC STILLER AND JOSEPH MORO, on behalf of themselves individually and all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 through 25, inclusive,<br><br>  Defendants. | Case No.: 09CV2473-GPC-BGS<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO (1) CLARIFY ORDER GRANTING STAY AND (2) EQUITABLY TOLL STATUTE OF LIMITATIONS FOR 60 DAYS IN THE EVENT THE DECERTIFICATION ORDER IS SUSTAINED**<br><br>Date:  October 3, 2014<br>Time:  1:30 p.m.<br>Courtroom:  2D<br>Judge:  Hon. Gonzalo P. Curiel |

**MEMORANDUM IN SUPPORT OF MOTION TO (1) CLARIFY ORDER GRANTING STAY AND (2) EQUITABLY TOLL STATUTE OF LIMITATIONS FOR 60 DAYS IN THE EVENT THE DECERTIFICATION ORDER IS SUSTAINED**

**I. INTRODUCTION**

Plaintiffs move the Court to clarify that its May 12, 2014 Stay Order, Doc. 231, stays the effect of its Decertification Order, Doc. 224, in its entirety, including that it does not restart the running of the statute of limitations for class and collective action members' state and federal wage and hour claims and, instead, that tolling of the statutes of limitations for the class and collective action members' claims continues through resolution of Plaintiffs' Rule 23(f) petition and any appeal.  Plaintiffs also request that the statutes of limitations be tolled for an additional 60 days in the event that the Court of Appeals either denies Plaintiffs' Rule 23(f) petition or affirms the Decertification Order after taking and hearing an appeal.

Continued tolling properly effectuates this Court's Order staying *all proceedings*, as the avoidance of potentially needless litigation and maintanence of the status quo were primary

1  bases for the Parties' Joint Motion to Stay Proceedings. *See* Doc. 229-1, at 3:22-5:3 and nn. 2, 4.[1]

Continued tolling is within the Court's discretion and authority and will serve the interests of judicial efficiency and fairness. Tolling will prevent the potentially needless multiplicity of litigation that would arise from class and collective action members filing individual complaints to preserve their individual claims. It will also prevent irreparable injury to individuals who might lose their claims by failing to file individual suits during the pendency of the stay. Further, in the event that the decertification order remains intact, equitable tolling of state and federal law claims is in the interest of justice, in that it would allow individual class members to pursue their individual claims within a reasonable time and thus avoid prejudice.

If the Court does not clarify that its Stay Order includes continued tolling, Plaintiffs request, in the alternative, that the Court consider providing notice of the Decertification Order to the California class and FLSA collective action members. To this end, Plaintiffs propose that the Court direct the Parties to meet and confer regarding the methods and contents of such notice and submit proposed notice to the Court for approval within fourteen (14) days. Directing notice to absent class and collective action members would serve the interests of justice by advising individuals of their right to file their own cases and the relevant statutes of limitations, thereby avoiding prejudice.

---

[1] Courts have found that entry of a stay necessarily continues tolling during the pendency of a Rule 23(f) petition, *see Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 450 (S.D.N.Y. 2010) ("In light of the Court's decision to stay the final effect of the August 6 Order, any specification that tolling applies to the same extent it did before entry of that Order would at best at amount to a tautology…."), or that tolling continues during the pendency of a Rule 23(f) petition, *Arpon v. UPS*, No. CV 08-08085, 2009 U.S. Dist. LEXIS 38627 (C.D. Cal. Mar. 9, 2009) (finding statute of limitations tolled for member of decertified class until Ninth Circuit declined to take interlocutory review of decertification order). However, there is also precedent suggesting that a stay order must specify if tolling is to apply. *See Manual for Complex Litigation* §21.28 (4th ed. 2004) (stating that a stay of an order denying class certification *may* continue to toll the statute of limitations) (emphasis added); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1389 n.35 (11th Cir. 1998) (stay of a district court's order denying certification alone would not toll the limitations period). In an abundance of caution and to avoid any uncertainty that might arise from ambiguity in the Stay Order, Plaintiffs' counsel contacted Defendant's counsel on this subject. Counsel met and conferred over a period of weeks, with Defendant ultimately taking a different view of the Stay Order. Accordingly, Defendant has indicated that it will oppose this Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court granted certification of a California Rule 23 class and conditional certification of a nationwide FLSA collective action on December 13, 2010. Doc. 104. Notice was subsequently issued to all potential California class action members, who were provided an opportunity to opt out of the suit, and to FLSA collective action members, who were provided an opportunity to opt in to the suit. Doc. 113. After further discovery, Costco moved to decertify the class and collective actions on April 13, 2012. Doc. 146. On April 15, 2014, the Court granted Costco's motion, Doc. 224, after which Plaintiffs filed a petition for permission to appeal the Decertification Order pursuant to Rule 23(f) on April 29, 2014.

On May 9, 2014, the Parties filed a Joint Motion to Stay Proceedings pending the resolution of Plaintiffs' Rule 23(f) petition. Doc. 229 ("Joint Motion to Stay"). On May 12, 2014, this Court granted the Motion, staying the action "pending appellate resolution of (1) Plaintiffs' petition, pursuant to Federal Rules of Appellate Procedure Rule 5 and Federal Rules of Civil Procedure Rule 23(f), for permission to appeal this Court's April 15, 2014 class and collective action decertification orders, and, (2) should the petition be granted, pending the Ninth Circuit's resolution of Plaintiffs' appeal." Doc. 231 at 2.

## III. TOLLING IS APPROPRIATE DURING A STAY PENDING 23(F) PETITION

This Court has authority to clarify its order staying the action to continue tolling of the statute of limitations pending the resolution of Plaintiffs' 23(f) petition. Indeed, this was implicit in the Court's Order granting the Parties' Joint Motion to Stay. Nevertheless, the Court should clarify its Stay Order to continue tolling in order to avoid the onslaught of new litigation that would ensue if class and collective action members had to file individual actions to preserve their claims, and to prevent the injury to those members who may suffer the loss of their claims by failing to do so promptly.

**(a) The Court Has Authority to Grant Tolling to Rule 23 Class and FLSA Collective Action Members**

It is well within this Court's power to provide for continued tolling of the statute of limitations for class and collective action members' claims during the pendency of the stay.

4

1  Following an order decertifying a Rule 23 class, *American Pipe*[2] tolling may be continued
2  during the pendency of the plaintiffs' 23(f) petition. *See, e.g.*, *Monahan v. City of Wilmington*,
3  No. Civ.A. 00–505, 2004 U.S. Dist. LEXIS 1322, at *7-8 (D. Del. Jan. 30, 2004) (applicable
4  limitations periods were tolled while proceedings were stayed pending interlocutory appeal of
5  denial of class certification); *The National Asbestos Workers Medical Fund v. Philip Morris,*
6  *Inc.,* No. 98 CV 1492, 2000 U.S. Dist. LEXIS 13910, at *7-8 (E.D.N.Y. Sept. 26, 2000) ("The
7  statute of limitations period should be tolled after class certification is denied pending a Rule
8  23(f) appeal to encourage the putative class members to continue to rely on the action's tolling
9  until the court of appeals has spoken"); *Manual for Complex Litigation* § 21.28 (4th ed. 2004)
10 ("A stay of an order denying certification may continue to toll the statute of limitations and
11 thereby discourage the filing of individual cases that might otherwise follow denial of class
12 certification."). *See also Arpon v. UPS*, No. CV 08-08085, 2009 U.S. Dist. LEXIS 38627 (C.D.
13 Cal. Mar. 9, 2009) (finding statute of limitations tolled until Ninth Circuit declined to take
14 appeal of decertification order).

15 This Court also has the authority to grant tolling of the statute of limitations for FLSA
16 claims during a stay. *See, e.g.*, *Cilluffo v. Cent. Refrigerated Servs.*, EDCV 12-00886 VAP,
17 2012 U.S. Dist. LEXIS 188642, at *8 (C.D. Cal. Nov. 8, 2012) (tolling statute of limitations for
18 FLSA opt-in plaintiffs until a stay was lifted); *Koval v. Pac. Bell Tel. Co.*, No. C 12-1627, 2012
19 U.S. Dist. LEXIS 113196, at *20 (N.D. Cal. Aug. 10, 2012) (tolling FLSA statute of limitations
20 for putative collective action members from the date on which a federal action was filed
21 through the date on which a stay was lifted); *Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347,
22 2007 U.S. Dist. LEXIS 31206, at *3-4 (N.D. Cal. Apr. 10, 2007) (tolling statute of limitations
23 for FLSA opt-in plaintiffs until a stay was lifted).

24
25
26 [2] In *American Pipe & Construction Co. v. Utah*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974). The Court reasoned that if the
27 statute of limitations were not tolled, class members would be induced to file motions to intervene or join in order to protect themselves against the certification denial, which would fail to promote efficiency and economy of
28 litigation.

5

### (b) Continued Tolling Is Consistent with the Parties' Joint Motion to Stay and the Court's Stay Order.

Continued tolling pending resolution of the Rule 23(f) petition and any appeal is consistent with the bases for and result intended by the Parties' Joint Motion to Stay, which the Court granted. The Joint Motion to Stay identified eliminating the possibility of unnecessary or duplicative litigation as a factor which warranted a stay of the proceedings. *See* Doc. 229 at 4. If tolling were not continued, the status quo would not be maintained and further proceedings would result, including a potential flood of individual actions under state and federal law that would unnecessarily burden the system prematurely. *Id.* at 3. Further, the Joint Motion to Stay explicitly envisioned that individual claims would be considered after resolution of the interlocutory appeal. *See id*. at 5 ("If the Ninth Circuit agrees with Costco . . . then the parties can discuss resolution of the individual claims or proceed through short trials . . . ."). If the limitations periods were not tolled, this Court would have to address how to handle the individual claims of members of the California and FLSA class prior to resolution of the interlocutory appeal.

Additionally, because class and collective action members were given notice of the certification decision and because the Joint Motion to Stay—which was approved by the Court—envisioned handling individual claims after resolution of the Rule 23(f) petition and appeal, individual class and collective action members reasonably may have refrained from filing separate suits. An order clarifying that the Stay Order continues tolling is appropriate to make clear that class and collective action members need not initiate individual litigation pending resolution of the Rule 23(f) petition or appeal. Were the Court to withhold continued tolling, as explained below, the Court must consider providing notice of the decertification order to class and collective action members in order to advise them of their rights and the need to promptly file any separate actions.

### (c) Tolling Should Be Continued to Preserve Judicial Resources and Prevent Prejudice to Decertified Class and Collective Action Members.

Tolling of the statute of limitations will also serve the interests of judicial economy and avoid unfair prejudice to members of the decertified actions. Absent tolling, thousands of decertified California class and FLSA collective action members would need to promptly bring suit to preserve their individual claims. If, thereafter, an interlocutory appeal were to reverse or vacate the decertification order, the Parties and litigation would have been needlessly thrown into disarray, and judicial and Party resources would have been misspent on premature filings. The Court should clarify that the statute of limitations is tolled in order to prevent the disruption of the judicial system and expenditure of resources on what, at this point, would be needless individual actions by class and collective action members filed during the pendency of the Rule 23(f) petition or appeal. *See Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 448 (S.D.N.Y. 2010) (the prospect of unnecessary, duplicative litigation warranted a stay that continued tolling of the statute of limitations); *Nat'l Asbestos*, 2000 U.S. Dist. LEXIS 13910, at *5 (stay providing for tolling of the statute of limitations pending Rule 23(f) appeal "[t]o ensure that members of the class and defendants as well as the courts are not unnecessarily burdened by individual suits to protect statute of limitations tolling rights prior to the appellate decision.").

Tolling also should be continued in order to prevent prejudice to class and collective action members. Because class and collective action members may have relied on the prior class certification notice or the stay of proceedings, there is a substantial risk they may inadvertently allow their claims to expire. Continued tolling is appropriate to prevent such harm. *See Jock*, 738 F. Supp. 2d at 448 (entry of a stay that continued tolling was justified because "if an individual plaintiff with a meritorious claim did not pursue an individual [proceeding] pending appeal … then she might be deprived of any right to relief regardless of the appeal's outcome"); *National Asbestos*, 2000 U.S. Dist. LEXIS 13910, at *8 (tolling the statute of limitations in part to avoid prospect of harm to proposed class members that "potentially viable claims might expire unless new actions were promptly brought").

## IV. THE COURT SHOULD EQUITABLY TOLL THE STATUTE OF LIMITATIONS IN THE EVENT THAT THE DECERTIFICATION ORDER IS FINALLY SUSTAINED

The Court also has the authority to equitably toll the statute of limitations for a period of time following a final order decertifying a class so as to preserve class members' claims and to avoid prejudice toward individual plaintiffs. Courts have found such relief appropriate after decertification of FLSA collective actions. *See, e.g.*, *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1136 (N.D. Cal. 2011) (relying on equity powers to grant 30 days of equitable tolling in order to avoid prejudice toward individual opt-in plaintiffs); *Zivali v. AT&T Mobility*, LLC, 08 Civ. 10310, 2011 U.S. Dist. LEXIS 101084, at *25 (S.D.N.Y. June 2, 2011) (granting 45 days of equitable tolling in order to avoid prejudice toward individual opt-in plaintiffs); *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 284 (N.D. Tex. 2008) (granting 30 days of equitable tolling); *Johnson v. Big Lots Stores, Inc*., NO. 04-3201, 2008 U.S. Dist. LEXIS 123265, at *4-6 (E.D. La. July 24, 2008) (granting 45 days of equitable tolling); *Smith v. Heartland Auto. Servs*., 404 F. Supp. 2d 1144, 1155 (D. Minn. 2005) (staying decertification order for 60 days for purposes of equitable tolling). Several courts have taken the same approach with respect to decertified Rule 23 classes. *See In re Teflon Products Liability Litig*., 254 F.R.D. 354, 371 (S.D. Iowa 2008) ("All statutes of limitations periods are tolled for ninety (90) days from the date of this Order to enable individuals . . . in plaintiffs' proposed class definitions to file separate complaints in the appropriate federal or state district court."); *Barrett v. U.S. Civil Serv. Commission,* 439 F. Supp. 216, 218-19 (D.D.C. 1977) (resuming running of the statute of limitations for decertified Rule 23 class members from date of receipt of decertification notice rather than date of decertification order).

If, after proceedings before the Court of Appeals, Plaintiffs' claims remain decertified, sufficient time must be allowed for class members to assert their rights by filing individual claims. Therefore, the Court should clarify in its order that tolling will be continued for 60 days past either appellate court denial of Plaintiffs' Rule 23(f) petition, or appellate affirmation of the Decertification Order for both the Rule 23 class and the FLSA collective action opt-in plaintiffs.

## V. IN THE ALTERNATIVE, THE COURT SHOULD SHOULD CONSIDER DIRECTING NOTICE OF DECERTIFICATION TO MEMBERS OF THE DECERTIFIED CLASS AND COLLECTIVE ACTIONS

If the Court declines to clarify that its Stay Order continues tolling of the statutes of limitations, the Court should consider directing notice to all members of the decertified Rule 23 class and FLSA collective actions. Such notice is appropriate following decertification of a class where members have previously received notice of class certification in order to ensure that individual claimants who have relied on notice of the action will be able to file separate suits as soon as possible, and will not be prejudiced by reliance on the ongoing litigation to represent their claims. *See Manual for Complex Litigation* § 21.313 (4th ed. 2004) ("[I]f a decision is made to decertify a previously certified class . . . after certification notice has been issued and after the time for opting out has expired, the judge should consider whether to inform the affected class members of the change in their status and any effect on the statute of limitations.").

Federal Rule of Civil Procedure 23(d)(1)(B) allows for courts to issue orders that "require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of . . . any step in the action." *See also* Fed. R. Civ. P. Rule 23(e) (allowing court, in the case of dismissal, to "direct notice in a reasonable manner to all class members who would be bound by the proposal"). District courts in this circuit have found that class members are entitled to notice after decertification of a Rule 23 class and directed plaintiffs' counsel to prepare notice of decertification orders. *See, e.g., Price v. City of Seattle*, C03-1365RSL, 2006 U.S. Dist. LEXIS 71041, at *22 (W.D. Wash. Sept. 19, 2006) (stating that absent class members were entitled to receive notice of decertification, and directing class counsel to prepare notice for Court's approval within 14 days); *Williams v. Boeing Co.*, C98-761P, 2005 U.S. Dist. LEXIS 27491, at *34 (W.D. Wash. Nov. 4, 2005) (finding that notice of decertification should be given to class members and directing plaintiffs' counsel to prepare notice within 7 days). *See also Negrete v. Allianz Life Ins. Co. of North America*, 287 F.R.D.

1  590, 597 (C.D. Cal. 2012) (finding that if a class certification order is modified to exclude class
2  members, then notice is required).

3        This approach is consistent with circuit court decisions finding that a district court must
4  ensure that members of a class receive notice upon order of a decertification.  *See Culver v.*
5  *City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002) (holding that district court erred in failing
6  to notify the class of decertification order under Rule 23(e) after that court decertified a Rule 23
7  class because decertification was effectively equivalent to dismissal); *Birmingham Steel Corp.*
8  *v. TVA*, 353 F.3d 1331, 1339 (11th Cir. 2003) (holding that "once a district court has decertified
9  a [Rule 23] class, it must ensure that notification of this action be sent to the class members, in
10 order that the latter can be alerted that the statute of limitations has begun to run again on their
11 individual claims").

12       Courts also allow or direct the issuance of notice to collective action members
13 following an order of decertification in an FLSA collective action in order to advise plaintiffs
14 of their rights and avoid prejudice in asserting individual claims.  *See, e.g.*, *Sliger v. Prospect*
15 *Mortg., LLC*, No. Civ. S-11-465 LKK/EFB, 2012 U.S. Dist. LEXIS 170701, at *14 (E.D. Cal.
16 Nov. 29, 2012) ("Any order to decertify the collective action must provide for clear, accurate,
17 and timely notice to the [FLSA] opt-in plaintiffs of their rights upon decertification."); *White v.*
18 *14051 Manchester, Inc.*, No. 4:12-CV-469 JAR, 2014 U.S. Dist. LEXIS 73721, at *76 (E.D.
19 Mo. May 30, 2014) ("Plaintiffs' counsel shall notify the [FLSA] opt-in plaintiffs that the
20 collective action has been decertified and their FLSA claims are no longer pending before this
21 Court."); *Smith v. Heartland*, 404 F. Supp. 2d  at 1155, n.9 (clarifying court's assumption that
22 plaintiffs' counsel would provide order of decertification to all opt-in plaintiffs and advise
23 plaintiffs of their rights in pursuing individual claims against the defendant).

24       An order directing notice of decertification to former Rule 23 class and FLSA collective
25 action members would serve the interests of justice and fairness.  Such notification would
26 advise plaintiffs of their right to file their own suits and prevent the danger that the statute of
27 limitations on their claims would run without their knowing until it is too late.  Further, it
28

1  would prevent prejudice toward individual plaintiffs who may have justifiably assumed their
2  interests were represented in the ongoing litigation.
3      If the Court allows the issuance of notice, Plaintiffs propose that the Court order the
4  Parties to meet and confer on the form and substance of the notice and to submit a proposal
5  within 14 days.
6  **VI. CONCLUSION**
7      For the reasons set forth above, Plaintiffs respectfully request that the Court issue an
8  order clarifying that the statutes of limitations are tolled for Rule 23 class and FLSA collective
9  action members pending resolution of Plaintiffs' Rule 23(f) petition and any subsequent
10 appellate proceedings.  Plaintiffs also request that the order provide that the statutes of
11 limitations will be tolled for an additional 60 days following either an appellate court denial of
12 the 23(f) petition or affirmation of this Court's Decertification Order.
13     Should the Court decide that the statutes of limitations will not be tolled, Plaintiffs
14 request in the alternative that the Court issue an order directing that notice be provided to
15 members of the decertified class and collective actions.  Plaintiffs propose that the Court order
16 the Parties to meet and confer on the form and substance of the notice and to submit a proposal
17 within 14 days.
18
19 DATED: July 10, 2014      /s/  David W. Sanford
20            Thomas J. Henderson, DC Bar No. 476854 (*Pro Hac Vice*)
           David W. Sanford, DC Bar No. 457933 (*Pro Hac Vice*)
21            Katherine E. Lamm, NY Bar No. 4912507 (*Pro Hac Vice*)
           **SANFORD HEISLER, LLP**
22            1666 Connecticut Ave., NW, Suite 300
           Washington, D.C.  20009
23            Telephone: (202) 499-5200
           Facsimile: (202) 499-5199
24
25            Jeremy Heisler, NY Bar No. 1653484 (*Pro Hac Vice*)
           **SANFORD HEISLER, LLP**
26            1350 Avenue of the Americas, Suite 3100
           New York, NY  10019
27            Telephone:  (646) 402-5650
           Facsimile:   (646) 402-5651
28

11
MEMO ISO MOTION FOR CLARIFICATION OF ORDER AND FOR TOLLING    CASE NO. 09-CV-02473-GPC

|   |   |
|---|---|
| 1 | Felicia Medina, CA Bar No. 255804 |
| 2 | **SANFORD HEISLER, LLP**<br>555 Montgomery Street, Suite 1206 |
| 3 | San Francisco, CA 94111<br>Telephone:  (415) 795-2020 |
| 4 | Facsimile:   (415) 795-2021 |

Felicia Medina, CA Bar No. 255804
**SANFORD HEISLER, LLP**
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
Telephone:  (415) 795-2020
Facsimile:   (415) 795-2021

Jill S. Sanford, CA Bar No. 185757
**OF COUNSEL**
**SANFORD HEISLER, LLP**
5663 Meadows Del Mar
San Diego, CA 92130
Telephone:    (619) 398-7406
Facsimile:     (202) 499-5199

Edward D. Chapin, CA Bar No. 053287
**OF COUNSEL**
**SANFORD HEISLER, LLP**
550 West "C" Street, Suite 2000
San Diego, CA  92101
Telephone:  (619) 241-4810
Facsimile:   (619) 955-5318

*Attorneys for the Plaintiffs and the Plaintiff Class*

12