# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STILLER and JOSEPH MORO, on behalf of themselves individually and all other similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 through 25, inclusive,<br>　　　　　　　　　　Defendants. | CASE NO. 3:09-cv-2473-GPC-BGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' MOTION TO CLARIFY;**<br><br>**(2) VACATING HEARING DATE**<br><br>**[ECF No. 232]** |

## I. INTRODUCTION

Before the Court is Plaintiffs Eric Stiller and Joseph Moro's ("Plaintiffs") Motion to Clarify. (ECF No. 232). Defendant Costco Wholesale Corporation ("Defendant") filed an opposition. (ECF No. 234.) Plaintiffs responded. (ECF No. 235.)

The parties have fully briefed the motion. (ECF Nos. 232, 234, 235.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court **DENIES** Plaintiffs' Motion to Clarify.

//

## II. BACKGROUND

On October 2, 2009, Plaintiffs filed an amended class action complaint against Defendant in San Diego Superior Court. (ECF No. 1.) On November 4, 2009, Defendant removed this case to the United States District Court for the Southern District of California. (Id.) On December 13, 2010, the Court granted certification of a California Rule 23 class and conditional certification of a nationwide FLSA collective action. (ECF No. 104.) On October 11, 2012, this case was transferred to the Honorable Gonzalo P. Curiel. (ECF No. 187.) On April 15, 2014, the Court decertified the class and collective actions (the "Decertification Order"). (ECF No. 224.) On April 29, 2014, Plaintiffs filed a petition for permission to appeal the Decertification Order pursuant to Federal Rule of Civil Procedure 23(f). (ECF No. 228.) On May 9, 2014, the parties filed a joint motion to stay the case pending the resolution of Plaintiffs' petition for permission to appeal. (ECF No. 229.) On May 12, 2014, the Court granted the motion to stay (the "Stay Order"). (ECF No. 231.) To date, the Ninth Circuit has not ruled on Plaintiffs' petition.

On July 10, 2014, Plaintiffs filed a motion to clarify the Stay Order. (ECF No. 232.) On August 1, 2014, Defendant filed an opposition to Plaintiffs' motion. (ECF No. 234.) On August 15, 2014, Plaintiffs responded to Defendant's opposition. (ECF No. 235.) The parties dispute the type of tolling that Plaintiffs seek in the motion to clarify. (See ECF No. 234, at 3–5; ECF No. 235, at 3.) However, Plaintiffs make clear that they are seeking American Pipe tolling and thus the Court proceeds to analyze whether American Pipe tolling is appropriate. (See ECF No. 235, at 3.)

## III. DISCUSSION

**A. American Pipe Tolling**

In American Pipe & Construction Co. v. Utah, the Supreme Court created a tolling doctrine that applies in the class action context. 414 U.S. 538 (1974). The Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been

1  parties had the suit been permitted to continue as a class action." Id. at 554. That
2  suspension lasts "only during the pendency of the motion to strip the suit of its class
3  action character." Id. at 561. In Crown, Cork & Seal Co. v. Parker, the Supreme Court
4  extended American Pipe tolling to apply not only to situations "where plaintiffs sought
5  to intervene in a continuing action, but also" to situations "where they sought to file an
6  entirely new action." Catholic Social Servs., Inc. v. Immigration and Naturalization
7  Serv., 232 F.3d 1139, 1147 (9th Cir. 2000) (citing Crown, Cork, 462 U.S. 345, 350
8  (1983)). The Supreme Court reiterated that American Pipe tolling continues "until class
9  certification is denied." Crown, Cork, 462 U.S. at 354.

**B. Post-Decertification Order and Pending Appeal**

Plaintiffs argue that American Pipe tolling should continue after the Decertification Order because they have filed a Rule 23(f) petition. (See ECF No. 235, at 3.) The Court notes that the cases cited by Plaintiffs do not deal with American Pipe tolling. See Arpon v. United Parcel Serv., No. 08-cv-8085-DDP-RZX, 2009 U.S. Dist. LEXIS 38627 (C.D. Cal. Mar. 9, 2009); Monahan v. City of Wilmington, No. 00-cv-0505-JJF, 2004 U.S. Dist. LEXIS 1322 (D. Del. Jan. 30, 2004); Nat'l Asbestos Workers Med. Fund v. Phillip Morris, Inc., No. 98-cv-1492, 2000 U.S. Dist. LEXIS 13910 (E.D.N.Y. Sept. 26, 2000). Moreover, the very section of the Manual for Complex Litigation cited by Plaintiffs, (see ECF No. 235, at 3), specifically states that American Pipe tolling "[o]rdinarily . . . ceases when a court denies class certification." FED. JUDICIAL CTR., MANUAL FOR COMPLEX LITIGATION § 21.28 n.871 (4th ed. 2004) (citing Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1378 (11th Cir. 1998)).

While the Ninth Circuit has not had the opportunity to specifically rule whether American Pipe tolling ends upon denial of class certification, Ninth Circuit Judge J. Clifford Wallace did analyze this issue while writing for another circuit that also had not had the opportunity to rule on this issue prior to Judge Wallace's opinion. See Giovanniello v. ALM Media, LLC. 726 F.3d 106 (2d Cir. 2013). Sitting by designation on the Second Circuit, Judge Wallace wrote that the Second Circuit "take[s] this

1  opportunity to join our sister circuits and hold that American Pipe tolling does not
2  extend beyond the denial of class status." Id. at 116 (referencing decisions by the 1st,
3  3d, 4th, 5th, 6th, 7th, 11th, and Federal Circuits). Finding Judge Wallace's reasoning
4  persuasive, this Court follows the lead set by the nine Circuit Courts that have held that
5  American Pipe tolling does not extend beyond the denial of class status.

6  In Giovanniello, the plaintiff filed a putative class action in federal district court.
7  726 F.3d at 108. The district court denied class certification and dismissed the case; the
8  plaintiff subsequently appealed. Id. The appeal was stayed pending a related appeal.
9  Id. After the related appeal was decided, the plaintiff failed to respond to an order to
10 show cause and his appeal was dismissed. Id. Six months after the dismissal, the
11 plaintiff again filed a putative class action under the same statute. Id. The district court
12 ruled that the statute of limitations had run on the plaintiff's cause of action and
13 dismissed the case. Id. at 108–09. The plaintiff appealed the district court's ruling that
14 his filing was untimely. Id. On appeal, the plaintiff contended that his first appeal was
15 an interlocutory appeal under Federal Rule of Civil Procedure 23(f). Id. at 118.

16 Writing for the Second Circuit, Judge Wallace held that "once [the plaintiff's]
17 attempt to secure class status failed, the statute of limitations began to run again." Id.
18 at 117. Judge Wallace reasoned that once a district court disallows class status, "the
19 named plaintiffs no longer have a duty to advance the interests of the excluded putative
20 class members" and thus former putative class members could no longer reasonably
21 rely on the putative class action to protect their rights. Id. at 117 (citing Armstrong, 138
22 F.3d at 1381; Crown, Cork, 462 U.S. at 350). Even in cases where the plaintiff seeks
23 "reconsideration or appeal, ostensibly representing the rights of non-named plaintiffs,"
24 Judge Wallace noted that reliance on the former putative class action "is not objectively
25 reasonable." Id.

26 The plaintiff in Giovanniello argued that the existence of an interlocutory appeal
27 pursuant to Rule 23(f) changed this analysis; Judge Wallace disagreed. Id. at 118.
28 Judge Wallace noted that "there is no reason why Rule 23(f) compels a conclusion that

1  we must depart from our sister circuits." Id. Judge Wallace found that there was no
2  evidence that "circuit courts freely grant petitions for interlocutory review of class
3  status decisions nor that where such petitions are granted, interlocutory appeal is more
4  likely to be successful because of Rule 23(f)." Id. Thus even when a plaintiff files a
5  Rule 23(f) petition, a former putative class member's reliance on the possibility of a
6  reversal of denial of class certification "is not ordinarily reasonable." Id. (quoting
7  Armstrong, 138 F.3d at 1381). Judge Wallace concluded by noting that a bright-line
8  rule with regards to American Pipe tolling is necessary to prevent abuse and reduce
9  uncertainty. Id. at 119.

10  **C. Stay Order**

11  This case is distinguishable from Giovanniello in at least one regard: the district
12  court in that case did not issue a stay order. One circuit court has contemplated a
13  scenario where the district court does grant a stay, at least in dicta. See Armstrong, 138
14  F.3d at 1389 n.35. In Armstrong, the Eleventh Circuit noted that "a stay of a district
15  court's order denying certification" pursuant to Rule 23(f) would not toll the limitations
16  period. Id. The Eleventh Circuit reasoned that stays do not challenge the denial of class
17  certification and stays do not in themselves offer "any reasonable hope for later
18  reversal" of the denial of class certification. Id.

19  In this case, the parties asked the Court to stay "the entire action," not to stay the
20  Decertification Order specifically. (See ECF No. 229, at 2.) The parties moved the
21  Court to stay this case because the Decertification Order merely could be reversed, not
22  because the granting of Plaintiffs' Rule 23(f) petition was likely or that, if the petition
23  was granted, the reversal of the Decertification Order was likely.

24  Plaintiffs have not presented any evidence that circuit courts routinely grant Rule
25  23(f) petitions nor that, where granted, such petitions are likely to be successful. See
26  Giovanniello, 726 F.3d at 118. The Court finds that former putative class action
27  members cannot reasonably rely on Plaintiffs' Rule 23(f) petition to protect their claims
28  and that the Stay Order does not change that calculus. Without guidance from the Ninth

Circuit, the Court finds the reasoning of other circuits, specifically <u>Giovanniello</u> and <u>Armstrong</u>, persuasive. Accordingly, the Stay Order did not toll the claims of the former putative class action members because <u>American Pipe</u> tolling ended when this Court rendered the Decertification Order.

## IV. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Clarify, (ECF No. 232), is **DENIED**; and
2. The hearing set for October 3, 2014, is **VACATED**.

DATED: October 1, 2014

HON. GONZALO P. CURIEL
United States District Judge