David W. Sanford, DC Bar No. 457933 (*Pro Hac Vice*)
Thomas J. Henderson, DC Bar No. 476854 (*Pro Hac Vice*)
**SANFORD HEISLER KIMPEL, LLP**
1666 Connecticut Ave., NW, Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
Facsimile: (202) 499-5199

Jeremy Heisler, NY Bar No. 1653484 (*Pro Hac Vice*)
**SANFORD HEISLER KIMPEL, LLP**
1350 Avenue of the Americas, Suite 3100
New York, NY 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651

Felicia Medina, CA Bar No. 255804
**SANFORD HEISLER KIMPEL, LLP**
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
Telephone: (415) 795-2020
Facsimile: (415) 795-2021

Jill S. Sanford, CA Bar No. 185757
**OF COUNSEL**
**SANFORD HEISLER KIMPEL, LLP**
5663 Meadows Del Mar
San Diego, CA 92130
Telephone: (619) 398-7406
Facsimile: (202) 499-5199

Edward D. Chapin, CA Bar No. 053287
**OF COUNSEL**
**SANFORD HEISLER KIMPEL, LLP**
550 West "C" Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318

*Attorneys for the Plaintiffs and the Plaintiff Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STILLER AND JOSEPH MORO, on behalf of themselves individually and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: 09CV2473-GPC-BGS <br><br> Assigned to Hon. Gonzalo P. Curiel <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE** <br><br> Date: April 17, 2015 <br> Time: 1:30 p.m. <br> Courtroom: 2D <br> Judge: Hon. Gonzalo P. Curiel |

1

# **TABLE OF CONTENTS**

I.   INTRODUCTION……………………………………………………………………….5

II.  PROCEDURAL POSTURE AND INTERVENOR INFORMATION…………....…….6

III. INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT

      UNDER RULE 24(a)(2) ..………………………………………………………....…9

IV.  ALTERNATIVELY, INTERVENORS SHOULD BE PERMITTED TO

      INTERVENE UNDER RULE 24(b)(1)(B)..........................................................12

V.   CONCLUSION………………………………………………………...……………......15

# TABLE OF AUTHORITIES

**FEDERAL CASES** **PAGE**

*Alaska v. Suburban Propane Gas Corp.*,
123 F3d 1317, 1320 (9th Cir. 1997)……………………………………………………..10, 11

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
712 F.3d 1349, 1353 (9th Cir. 2013)………………………………………………………13

*California v. Tahoe Regional Planning Agency*,
792 F.2d 775, 778 (9th Cir. 1986)…………………………………………………………12

*Campion v. Old Republic Protection Co., Inc.*,
2014 WL 7398893 (9th Cir. 2014) ……………………………………………………..…7

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
647 F.3d 893, 897 (9th Cir. 2011)…………………………………………………………10

*Deposit Guaranty National Bank v. Roper*,
445 U.S. 326, 331 (1980)…………………………………………………………………11

*Donnelly v. Glickman*,
159 F3d 405, 409 (9th Cir. 1998)…………………………………………………………10

*Koike v. Starbucks Corp.*,
602 F. Supp. 2d 1158, 1161 (N.D. Cal. 2009)…………………………………………11, 12

*Narouz v. Charter Commc'ns, LLC*,
591 F.3d 1261 (9th Cir. 2010)……………………………………………………………..7

*Southwest Center for Biological Diversity v. Berg*,
268 F3d 810, 819-20 (9th Cir. 2001)………………………………………………………10

*United States v. City of Los Angeles*,
288 F3d 391, 399 (9th Cir. 2002)…………………………………………………………12

*United Airlines, Inc. v. McDonald*,
432 U.S. 385, 392 (1997)……………………………………………………………….10, 13

**RULES** **PAGE**

Fed. R. App. P. 4………………………………………………………………………….11

Fed. R. Civ. P. 24……………………………………………………………………..*passim*

Fed. R. Civ. P. 41………………………………………………………………………………..7

4

## I. INTRODUCTION

Flora Castor, Michael Drentea, and Michael Stewart (collectively, "Intervenors") respectfully request that the Court permit them to intervene as a matter of right in this action under Federal Rule of Civil Procedure 24(a)(2) for the purpose of appealing the April 15, 2014 Order of the District Court Granting Defendant Costco Wholesale Corporation's Motion to Decertify Class and Collective Action.

Although Plaintiffs Eric Stiller and Joseph Moro have expressed their intention to appeal this order and have settled their individual claims on terms that should permit such an appeal, Intervenors move to intervene out of an abundance of caution to ensure there are parties with standing to appeal regardless of the standing of Stiller and Moro and to ensure there are non-settling class members to serve as typical and adequate class representatives.

As explained below, Intervenors satisfy the Rule 24(a)(2) criteria for intervention as a matter of right, and the Court should therefore allow them to intervene in this case. If the Court finds that intervention is not mandatory under Rule 24(a)(2), the Court should exercise its discretion to grant permissive intervention under Rule 24(b)(1)(B).

## II. PROCEDURAL POSTURE AND INTERVENOR INFORMATION

Plaintiffs Eric Stiller and Joseph Moro[1] brought this action in 2009 on behalf of themselves and all others similarly situated to redress a wrongful scheme by Costco to deny their hourly warehouse employees earned wages for all hours worked "off-the-clock" in violation of the Fair Labor Standards Act and California wage and hour laws.

On November 12, 2010, Plaintiffs filed their Motion for Collective Action and Class Certification, [Dkt. 95], which the Court granted on December 13, 2010. [Dkt. 104]. Thereafter, the parties engaged in discovery, and on April 13, 2012, Costco filed its Motion for Order to Decertify the Rule 23 Class Action and the FLSA Collective Action. [Dkt. 146]. On April 15, 2014, the Court granted Costco's Motion for Order to Decertify. [Dkt. 224]. On April 29, 2014, Plaintiffs filed a Petition for Leave to Appeal Pursuant to Rule 23(f) with the United States Court of Appeals for the Ninth Circuit. On August 22, 2014, the Ninth Circuit declined to hear Plaintiffs' interlocutory appeal. The Ninth Circuit also denied

---

[1] In their First Amended Complaint ("FAC"), filed with the Court on October 2, 2009, Mary Pytelewski and Eric Stiller represented the FLSA Class, and Steve Vrismo and Joseph Moro represented the California Class. In light of the Court's Order of November 3, 2010, Ms. Pytelewski and Mr. Vrismo are no longer Plaintiffs [Dkt. 92]. Accordingly, Mr. Stiller and Mr. Moro represented the two classes, respectively.

6

Plaintiffs' Motions for Reconsideration and Reconsideration En Banc on November 24, 2014.

Following the Ninth Circuit's denial of Plaintiffs' Rule 23(f) petition, Plaintiffs Stiller and Moro entered into a settlement agreement of their individual claims with Costco that called for the dismissal of their individual claims. [Dkt. 250]. Under Ninth Circuit precedent, such a dismissal permits the Plaintiffs to appeal the denial of class certification as a matter of right without proceeding through trial on the individual claims. *See Campion v. Old Republic Protection Co., Inc.*, 2014 WL 7398893, at *2-3 (9th Cir. Dec. 31, 2014); *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261 (9th Cir. 2010).

On February 3, 2015, the Court entered an order on the parties' Joint Stipulation of Dismissal pursuant to this settlement agreement, providing that "The individual claims of Plaintiffs Eric Stiller and Joseph Moro are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and the terms of the parties' Settlement Agreement and Joint Stipulation." [Dkt. 251]. In a February 10 order, the Court determined that because the collective and class action had been decertified, the "order dismissing [the individual claims] adjudicated all remaining claims in this action and thus was a final judgment. To enter a separate judgment at this point would be superfluous . . . ." [Dkt. 254] (citations omitted).

7

Now the following intervenors seek to intervene for purposes of appealing the Court's April 15, 2014 Order Granting Costco's Motion to Decertify. [Dkt. 224]. Intervenor Flora Castor worked for Costco Wholesale Corporation at Warehouse #469 in La Mesa, California, from October 2004 through January 2007. As detailed in her attached declaration, Intervenor Castor was subject to the policies at issue in this case. Exhibit 1. Further, Intervenor Castor has previously participated in this litigation. Specifically, she served as a declarant for Plaintiffs' Response in Opposition to Costco's Motion for Order to Decertify. [Dkt. 173-9, p. 14]. On appeal, Intervenor Castor will challenge the Court's denial of the Rule 23 class certification for violations of California Wage and Hour Law.

Intervenor Michael Drentea worked for Costco Wholesale Corporation at Warehouse #462 in Carlsbad, California from April 2009 until February 2010. As detailed in his attached declaration, Intervenor Drentea was subject to the policies at issue in this case. Exhibit 2. Further, Intervenor Drentea has previously participated in this litigation. Specifically, he served as a declarant for Plaintiffs' Response in Opposition to Costco's Motion for Order to Decertify. [Dkt. 173-9, p. 23-24]. On appeal, Intervenor Drentea will challenge the Court's denial of the Rule 23 class certification for violations of California Wage and Hour Law.

Intervenor Michael Stewart worked for Costco Wholesale Corporation at Warehouse #452 in Carmel Mountain Ranch, California from November 2005 until November 2014. Exhibit 3 (Stewart Dep. 6:14). As detailed in the attached deposition excerpts, Intervenor Stewart was subject to the policies at issue in this case. Exhibit 3 (Stewart Dep. 6:10-17; 8:22-11:5; 53:1-21; 84:20-23; 108:3-18; 128:7-11). Further, Intervenor Stewart has previously participated in this litigation. Specifically, he was deposed by Costco and his testimony was submitted in support of Plaintiffs' Response in Opposition to Costco's Motion for Order to Decertify [Dkt. 173-8, p. 96-104]. On appeal, Intervenor Stewart will challenge the Court's decertification of the FLSA collective action.

### III. INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(a)(2).

Intervenors are entitled to intervene as a matter of right because they satisfy each of the criteria under Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) provides,

> On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the Ninth Circuit, courts use a four-part test to evaluate a motion to intervene under Rule 24(a)(2):

9

> An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest."

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)).

In ruling on a motion to intervene, "a district court is required to accept as true the non-conclusory allegations made in support of [the] intervention motion." *Southwest Center for Biological Diversity v. Berg*, 268 F3d 810, 819-20 (9th Cir. 2001). Further, the Court should be "guided primarily by practical and equitable considerations" and should "interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F3d 405, 409 (9th Cir. 1998) (internal citation omitted).

Here, Intervenors satisfy each of these four criteria. First, Intervenors' motion is timely. A motion to intervene for the limited purpose of appealing a denial of class certification is timely if it is filed within the time allowed for a party to file an appeal. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 392 (1977) (ruling that an absent class member's motion to intervene for purposes of appealing class certification was timely when filed eighteen days after the district court entered final judgment); *Alaska v. Suburban Propane Gas Corp*, 123 F3d

10

1317, 1320 (9th Cir. 1997) (ruling that a district court erred in denying as untimely an absent class member's motion to intervene for purposes of appeal where such motion was filed twenty-nine days after the court entered a final judgment). Under Federal Rule of Appellate Procedure 4(a)(1)(A), a party may file a notice of appeal within thirty days after entry of judgment. As this Motion to Intervene is filed less than thirty days after the Court's February 3, 2015 Order dismissing the individual claims, this motion is timely.

Second, Intervenors have a significant protectable interest relating to the property or transaction that is the subject of the action because they assert claims protected by the FLSA and California Wage and Hour Law, and these claims are the subject of the collective and class certifications at issue on appeal. *See Deposit Guaranty National Bank v. Roper* 445 U.S. 326, 331 (1980) (acknowledging "the rights of putative class members as potential intervenors"); *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1161 (N.D. Cal. 2009) (ruling that an absent class member could intervene as a matter of right in a putative class action following settlement of the named plaintiffs' claims for purposes of appealing the denial of class certification, in part, because "FRCP 23 provides [the intervenor] with a procedure for pursuing his claims . . . .").

Third, disposition of this action may impair or impede Intervenors' ability to protect their interests. If this Court were to deny intervention and the Ninth

11

Circuit determines that Plaintiffs Stiller and Moro lack standing, Intervenors would be severely prejudiced in their ability to prosecute their claims. *See Koike*, 602 F. Supp. 2d at 1161 (ruling an absent class member could intervene for purposes of appeal because the intervenor would otherwise be precluded from recovering for years of class-wide liability and because intervention would provide a "cost-effective way" for the intervenor to represent the current class); *United States v City of Los Angeles*, 288 F3d 391, 399 (9th Cir. 2002) (ruling a police union could intervene as a matter of right in an action against the city government in light of the practical implications of a denial).

Fourth, for the same reasons, Intervenors seek to avoid any claim or suggestion that the existing parties may not adequately represent Intervenors' interests. Because Intervenors have not settled their individual claims, potential arguments regarding the standing of Stiller and Moro are not applicable to them. *See California v. Tahoe Regional Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) ("In determining adequacy of representation, we consider whether the . . . present party is . . . capable and willing to make [each of the intervenor's] arguments . . .") (citations omitted).

### IV. ALTERNATIVELY, INTERVENORS SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(b)(1)(B).

If the Court rules that Intervenors are not entitled to intervene under Rule 24(a)(2), the Court should exercise its discretion to permit intervention under

12

Federal Rule of Civil Procedure 24(b)(1)(B), which provides "On timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." The Ninth Circuit has elaborated on permissive intervention under Rule 24(b)(1)(B): "[P]ermissive intervention under Rule 24(b) requires '(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (quoting *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).

Intervenors satisfy each of these requirements. First, with regard to the independent grounds for jurisdiction, intervention by Intervenors in no way affects the scope of jurisdiction exercised by the Court because this case has proceeded as a class action and collective action since 2009. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395 (1977) (noting that a defendant who was put on notice of the scope of the class allegations by the initial complaint could not object to an intervenor appealing the decision striking class allegations following the settlement with the named plaintiffs).

Second, for the reasons discussed above, Intervenors' motion is timely because they filed it on March 2, 2015, less than thirty days after the Court entered judgment on February 3, 2015.

13

Third, Intervenors' claims share many common questions of law and fact with the class claims. As briefed extensively in Plaintiffs' Motion for Collective Action and Class Certification, common factual issues include whether the Costco policies at issue forced class members to spend unpaid time in Lockdowns, and whether those policies gave Costco an unfair advantage over competing businesses. Common questions of law include whether Costco violated California's labor and competition laws by requiring class members to remain at work without pay after clocking out for the day; whether class members are entitled to "straight time" back pay for non-overtime hours spent in Lockdowns; and whether class members are entitled to overtime pay to the extent Lockdowns caused them to work overtime. [Dkt. 95-1, p. 25].

In addition to these three requirements under Rule 24(b)(1)(B), Rule 24(b)(3) requires that when a district court evaluates a request for permissive intervention, the district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, permitting intervention will not affect the adjudication of the original parties' rights. To the contrary, intervention will simply ensure that the interests of the absent class members are protected on appeal.

14

## V. CONCLUSION

For these reasons, Intervenors respectfully request that this Court enter an order granting them leave to intervene.

DATED: March 2, 2015        /s/David W. Sanford
David W. Sanford, DC Bar No. 457933
(*Pro Hac Vice*)
Thomas J. Henderson, DC Bar No. 476854
(*Pro Hac Vice)*
**SANFORD HEISLER KIMPEL, LLP**
1666 Connecticut Ave., NW, Suite 300
Washington, D.C.  20009
Telephone: (202) 499-5200
Facsimile: (202) 499-5199

*Attorneys for the Plaintiffs and the Plaintiff Class*

15