# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STILLER and JOSEPH MORO, on behalf of themselves individually and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 3:09-cv-2473-GPC-BGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO INTERVENE;**<br><br>**(2) VACATING HEARING DATE**<br><br>**[ECF No. 255]** |

## I. INTRODUCTION

Before the Court are Flora Castor, Michael Drentea, and Michael Stewart's (collectively, "Intervenors") Motion to Intervene. (ECF No. 255.) Defendant Costco Wholesale Corporation ("Defendant") opposes. (ECF No. 260.) The parties have fully briefed the motion. (ECF Nos. 255, 260, 261.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court **DENIES** Intervenors' Motion to Intervene.

## II. BACKGROUND

This was a class and collective action instituted by Plaintiffs Joseph More and Eric Stiller (collectively, "Plaintiffs") against Defendant. (ECF No. 96.) On April 15, 2014, the Court decertified the class and collective actions. (ECF No. 224.) On January 30, 2015, Plaintiffs notified the Court that they had settled their individual claims. (ECF No. 250.) On February 3, 2015, pursuant to the parties' settlement, the Court dismissed Plaintiffs' individual claims, (ECF No. 251), which constituted a final judgment. (*See* ECF No. 254.) On March 2, 2015, Intervenors filed their motion to intervene. (ECF No. 255.) The same day, Plaintiffs filed a notice of appeal seeking to challenge the decertification order. (ECF No. 256.)

## III. DISCUSSION

The parties dispute whether this Court has jurisdiction to hear Intervenors' motion. Citing *Bryant v. Crum & Forster Speciality Ins. Co.*, 502 Fed App'x. 670 (9th Cir. 2012), Defendant contends that the filing of the notice of appeal divested this Court of jurisdiction. (ECF No. 260, at 3.)[1] Intervenors respond that the "in aid of appeal" exception to the divestment of jurisdiction, *see Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 818 (9th Cir. 1961), allows the Court to rule on the motion to intervene. (ECF No. 261, at 1–5.)

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). As an initial matter, *Bryant* is an unpublished memorandum disposition with minimal analysis and is at least somewhat distinguishable from this case because the motion to intervene in that case was filed

---

[1] Defendant refers to the 9th Circuit's decision in *Bryant* as a "succinct opinion." (ECF No. 260, at 3.) This is incorrect as the decision in *Bryant* is actually a non-precedential memorandum. *See* 502 Fed. App'x at 671; 9th Cir. R. 36-1, 36-3(a).

approximately two weeks after the filing of the notice of appeal.[2] However, other circuits have addressed factual scenarios identical to the one at hand. *See, e.g., Doe v. Public Citizen*, 749 F.3d 246, 258–59 (4th Cir. 2014); *Taylor v. KeyCorp*, 680 F.3d 609, 617 (6th Cir. 2012); *Drywall Tapers and Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94–95 (2d Cir.2007); *Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir.1990); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir.1984).

*Drywall Tapers* and *Doe* are instructive. In *Drywall Tapers*, a motion to intervene was filed several months before the notice of appeal.[3] The Second Circuit held that the filing of the notice of appeal divested the district court of jurisdiction even though the motion to intervene had been filed before the notice of appeal. *Drywall Tapers*, 488 F.3d at 94. In *Doe*, a motion to intervene was filed approximately two months before the notice of appeal.[4] The district court delayed ruling on the motion until the notice of appeal had been filed. *Doe*, 749 F.3d at 257–8. The district court eventually decided "that it had authority, under the 'in aid of appeal' exception, to act on the intervention motion" but ultimately denied the motion. *Id*. On appeal, the Fourth Circuit rejected the district court's jurisdictional determination, "conclud[ing] that the 'in aid of appeal' exception" was "inapposite" because any ruling on a motion to

---

[2] Notice of Appeal, *Mattel, Inc. v. MGA Entm't, Inc.*, No. 2:04-cv-9049-DOC-RNB (C.D. Cal. Aug. 11, 2011), ECF No. 10707; Motion to Intervene, *Mattel, Inc. v. MGA Entm't, Inc.*, No. 2:04-cv-9049-DOC-RNB (C.D. Cal. Aug. 26, 2011), ECF No. 10724. The district court denied the motion on non non-jurisdictional grounds on September 26, 2011. Order on Motion, *Mattel, Inc. v. MGA Entm't, Inc.*, No. 2:04-cv-9049-DOC-RNB (C.D. Cal. Sept. 26, 2011), ECF No. 10790. The Ninth Circuit affirmed the district court's ruling on the alternative ground that the district court lacked jurisdiction. *Bryant*, 502 Fed App'x. at 671.

[3] Motion to Intervene, *Drywall Taper and Pointers of Greater N.Y. v. Bovis Lend Lease Interiors, Inc.*, No. 1:05-cv-2746-JG-CLP (E.D.N.Y. Nov. 4, 2005), ECF No. 70; Notice of Appeal, *Drywall Taper and Pointers of Greater N.Y. v. Bovis Lend Lease Interiors, Inc.*, No. 1:05-cv-2746-JG-CLP (E.D.N.Y. Jan. 13, 2006), ECF No. 93.

[4] Motion to Intervene, *The ERGO Baby Carrier Inc. v. Tenenbaum*, No. 8:11-cv-2958-DKC (D. Md. Aug. 7, 2012), ECF No. 52; Sealed Notice of Appeal, *The ERGO Baby Carrier Inc. v. Tenenbaum*, No. 8:11-cv-2958-DKC (D. Md. Oct. 3, 2012), ECF No. 64.

intervene "alter[s] the status of the case as it rests before the court of appeals" and thus vacated the district court's order on the motion to intervene. *Id.* at 253, 258(quoting *Coastal Corp. v. Tx. E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989)).

Intervenors incorrectly contend that this Court can "aid" the Ninth Circuit so that the Ninth Circuit has jurisdiction on appeal. (ECF No. 261, at 3.) The exception does not allow the Court to act "in aid of appellate *jurisdiction*," (*id.* (emphasis added)), but rather act to in aid of the *appeal* itself through methods such as memorializing an oral opinion. *See,e.g.*, *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) ("Several appellate courts have allowed district courts to use this exception to memorialize oral opinions soon after a decision was rendered; that action has been considered one 'in aid of the appeal.'"). Whether or not the Ninth Circuit has jurisdiction over the pending appeal is material to Intervenors and Plaintiffs, not to the Ninth Circuit. By "alter[ing] the status of the case as it rests before the court of appeals," the Court would not be acting "in aid of appeal." *Coastal Corp.*, 869 F.2d at 820. Were the Court to grant intervention, that would not "aid [the Ninth Circuit's] analysis" on jurisdiction, but instead substantively change that analysis. *Inland Bulk Transfer Co.*, 332 F.3d at 1014. Accordingly, the Court finds that the "in aid of appeal" exception does not apply to this case and therefore DENIES Intervenors' motion to intervene for lack of jurisdiction.

## IV. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Intervenors' Motion to Intervene, (ECF No. 255), is **DENIED**; and
2. The hearing set for April 17, 2015, is **VACATED**.

DATED: April 9, 2015

HON. GONZALO P. CURIEL
United States District Judge